UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID ALLEN HAVERKAMP; aka BOBBIE LEE HAVERKAMP, | § § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-18 |
| JOSEPH PENN, *et al*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated TDCJ-CID's Stiles Unit in Beaumont, Texas. Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983, complaining that Plaintiff is discriminated against because he has been diagnosed with a gender identity disorder, but medical officials are refusing to provide gender reassignment surgery (D.E. 1). Pending is Plaintiff's motion for appointment of counsel (D.E. 31).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal

assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. Though serious, Plaintiff's allegations are not complex.

The second and third factors are whether the Plaintiff is in a position to adequately investigate and present the case. Plaintiff's pleadings demonstrate that Plaintiff is very intelligent, articulate, and able to describe the facts underlying the claims in this lawsuit. Plaintiff appears, at this stage of the case, to be in a position to adequately investigate and present the case. Plaintiff has filed several motions and cited to cases demonstrating that Plaintiff knows how to use the law library. Plaintiff also can also request assistance from other inmates.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is premature. Plaintiff's claims have not yet been scheduled for trial. Two preliminary motions to dismiss are pending.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel. In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award

attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E. 31) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 11th day of May, 2017.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE