UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID ALLEN HAVERKAMP; aka BOBBIE LEE HAVERKAMP, | § § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-18 |
| | § | |
| JOSEPH PENN, *et al*, | § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO TRANSFER VENUE

Plaintiff,[1] proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at the Stiles Unit of the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ") in Beaumont, Texas. Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983, complaining that she is discriminated against because she has been diagnosed with a gender identity disorder, but medical officials are refusing to provide gender reassignment surgery. (D.E. 1). Pending before the Court is Defendants' Motion to Transfer Venue. (D.E. 24). For the reasons discussed below, the motion is DENIED.

**I. BACKGROUND.**

Plaintiff is "David Allen Haverkamp aka Bobbie Lee Haverkamp," who is currently incarcerated at the Stiles Unit in Beaumont, Texas. Plaintiff was convicted on

---

[1] Plaintiff requests that the Court utilize feminine pronouns when referring to Plaintiff. (D.E. 2, p. 1). The undersigned, therefore, will refer to Plaintiff in this Memorandum and Order as her preferred gender of female, using feminine pronouns.

1 / 10

August 4, 1994, on two counts of aggravated sexual assault and was sentenced to forty-five (45) years in prison on each count to be served concurrently.

In her civil rights action filed on January 13, 2017, Plaintiff asserts a violation of her constitutional rights under the Eighth and Fourteenth Amendments based on the failure of the TDCJ to provide her with gender reassignment surgery for her Gender Identity Disorder (GID). (D.E. 2, p. 17). Plaintiff has named Dr. Joseph Penn and Dr. Lannette Linthicum as defendants in their individual and official capacities. (D.E. 2, pp. 2-3). Dr. Penn works for the University of Texas Medical Branch ("UTMB") located in Galveston, Texas, and resides in Galveston County, Texas. (D.E. 2, p. 2). Dr. Linthicum works for the TDCJ in Huntsville, Texas, and resides in Montgomery County, Texas. (D.E. 2, p. 2). Plaintiff seeks an injunction ordering Defendants to provide her with gender reassignment surgery, and declaratory judgment affirming her rights to necessary treatment and care under the Eight Amendment and to equal protection under the Fourteenth Amendment. (D.E. 2, pp. 1, 17).

On April 10, 2017, pursuant to 28 U.S.C. § 1404(a), Defendants moved to transfer this case to the Houston Division of the Southern District of Texas. (D.E. 24). Defendants state that they are each members of the TDCJ's Correctional Managed Health Care ("CMHC") committee, which is responsible for implementing policies regarding GID. (D.E. 24, pp. 1-2). According to Defendants, "the committee operates out of CMHC offices in Huntsville, Texas and Conroe, Texas." (D.E. 24, p. 2). Defendants argue that that the Houston Division is the appropriate venue for this case because: (1)

Defendants and other CMHC committee members conduct business and reside in the Huntsville and Conroe area; (2) the factual allegations arose in either Huntsville or Conroe; and (3) potential witnesses in this case reside or conduct business in either Huntsville or Conroe. (D.E. 24, p. 2).

Plaintiff opposes Defendants' motion to transfer venue. (D.E. 29). Plaintiff contends that her choice of forum should be given weight and that the events giving rise to this action occurred within the Corpus Christi Division. (D.E. 29, pp. 2, 5). Plaintiff further contends that she plans to call four witnesses on her behalf, that these witnesses would have no problem traveling to Corpus Christi, and that she has no plans on calling on any TDCJ correctional staff from the Houston area. (D.E., pp. 4-5).

## II. STANDARD OF REVIEW FOR CONSIDERING "CONVENIENCE" TRANSFERS

"[F]or the convenience of parties and witnesses" and "in the interest of justice," a district court may transfer any civil action to any other division where it might have been brought. 28 U.S.C. § 1404(a). "The statute is intended to save time, energy, and money while at the same time protecting litigants, witnesses, and the public against unnecessary inconvenience." *Watson v. Fieldwood Energy Offshore, LLC*, 181 F. Supp. 3d 402, 407 (S.D. Tex. 2016) (internal quotations and citation omitted).

A plaintiff's choice of venue is generally accorded deference unless he files suit outside of his home forum. *Watson*, 181 F. Supp. 3d at 407. However, when filing outside of the home forum, such deference is diminished. *Id. See also McCaskey v. Continental Airlines, Inc.*, 133 F. Supp. 2d 514, 529 (S.D. Tex. 2001) ("[C]lose scrutiny

is given to plaintiff's choice of forum when the plaintiff does not live in the judicial district in which plaintiff has filed suit."). In this case, Plaintiff resides within the Eastern District of Texas, and his decision to file in the Corpus Christi Division of the Southern District of Texas is, therefore, not entitled deference. *See Watson*, 181 F. Supp. 3d at 407.

A court should nevertheless decline to transfer a case where the inconvenience of venue is shifted from one party to another. *Id.* at 407. "The movant bears the burden of demonstrating a transfer of venue is warranted." *Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 789 (S.D. Tex. 2005). This burden is significant, and a § 1404(a) motion to transfer will only be granted if "the movant shows the transferee venue is clearly more convenient." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (citing to *In re Volkswagen of Am., Inc. ("Volkswagen II")*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc)).

An array of "public and private interest factors are relevant when a court is determining if a case should be transferred. *Grant v. C.R. England, Inc.*, No. H-10-30649, 2011 WL 11203, at *4 (S.D. Tex. Jan. 3, 2011). The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public interest factors to consider are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern

the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)).

These public and private factors "apply as much to transfers between divisions of the same district as to transfers from one district to another." *Radmax*, 720 F.3d at 288. They are "not necessarily exhaustive or exclusive ... [and] 'none ... can be said to be of dispositive weight.'" *Volkswagen II*, 545 F.3d at 315.

## III. ANALYSIS.

### A. Private-Interest Factors

#### 1. The Relative Ease of Access to Sources of Proof

Defendants contend that all relevant evidence and records are located at or near the CMHC committee's headquarters, which is located within the Houston Division. (D.E. 24, p. 6). John Werner, a TDCJ Regional Director, testified that "the original documents and records relevant to Plaintiff's claims" can be found near the Houston Division. (D.E. 24-1, ¶ 5).

Plaintiff appears to acknowledge that she may seek to discover "historical minutes of the meetings" of the CMHC and other records located within the Houston Division. (D.E. 29, p. 3). She argues, however, that the main events underlying her claim, consisting of her medical treatment and advice – occurred within the Corpus Christi Division. (D.E. 29, p. 5). A review of the documents attached to Plaintiff's memorandum in support of her complaint reveals that she: (1) received medical treatment

and advice for GID while confined at the McConnell Unit[2] through late 2016; and (2) filed her Step 1 and Step 2 grievances in the McConnell Unit before filing her federal lawsuit. (D.E. 2).

Because the CMHC committee makes decisions about implementing its policies within the Houston Division and Plaintiff admits she is interested in records located within the same division, the undersigned assigns a slight advantage on this factor in favor of transfer. However, given that Plaintiff also points to sources of proof located in the Corpus Christi Division, this factor does not weigh heavily in favor of transfer.

### 2. The Availability of Compulsory Process to Secure the Attendance of Witnesses

As to the availability of compulsory process for unwilling witnesses, both Plaintiff and Defendants argue that certain witnesses will be outside of the 100-mile subpoena power of the issuing court if this case is not heard in their preferred forum.[3] (D.E. 24, pp.5-6; D.E. 29, pp. 4-5). Defendants, however, fail to name any specific witnesses they plan to call, and instead suggest that most of the witnesses Plaintiff will likely call are all located within the Houston Division. (D.E. 24, p. 6).

---

[2] The McConnell Unit is located in Beeville, Texas, which is within the Corpus Christi Division.
[3] According to Federal Rule of Civil Procedure 45, a subpoena may be served on any person within the district of the issuing court—but the court's subpoena power is limited with respect to nonparty witnesses who work or reside more than 100 miles from the courthouse. Specifically, Rule 45(c) states that an uncontrolled witness can be compelled to attend a trial, hearing, or deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c).

Plaintiff responds that "Defendants cannot rely on the inconvenience to the Plaintiff's witnesses as a reason to transfer venue," and states that she has "no plans to call on TDCJ correctional staff from the Houston Division." (D.E. 29, pp. 4-5). Without knowing either the identity of witnesses either party plans to call or where each witness is located relative to the automatic subpoena power of either the Houston Division or Corpus Christi Division, the undersigned finds that this factor does not weigh in favor of transfer.

### 3. The Cost of Attendance for Willing Witnesses

"[I]t is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is accorded greater weight in a transfer of venue analysis." *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998). Furthermore, "[t]he convenience of witnesses who are employees of the party seeking transfer is entitled to less weight because that party will be able to compel their testimony at trial." *Ternium International U.S.A. Corp. v. Consolidated Systems, Inc.*, No. 3:08-CV-0816-G, 2009 WL 464953, at *4 (N.D. Tex. Feb. 24, 2009). "When key witnesses must travel more than 100 miles, inconvenience to witnesses increases in direct relationship to the distance to be traveled." *Volkswagen II*, 545 F.3d at 317.

As to the cost of attendance for willing witnesses, Plaintiff states that she "intends on calling about four [willing] witnesses," who will "have no trouble with travel to Corpus Christi, Texas." (D.E. 29, p. 4). Defendants' main argument in favor of transfer rests on their contention that great cost will accrue to Defendants themselves, as well as

to the TDCJ and the CMFC committee, if their employees and representatives are forced to travel over 200 miles from either Conroe or Huntsville to the Corpus Christi Division as opposed to less than 75 miles from these cities to the Houston Division. (Doc. 24, p. 5). While Plaintiff has stated her intent not to call any witnesses from Houston area, Defendants have identified no potential non-party witnesses from either the TDCJ or the CMHC committee. Neither party has identified potential witnesses with any specificity, making analysis of costs of attendance difficult. Accordingly, while there may be a need to call witnesses from the either Huntsville or Conroe in this case, the undersigned does not find that this factor weighs heavily in favor of transfer.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

Defendants cite Plaintiff's current location at the Stiles Unit, which is only 85 miles from Houston as opposed to 291 miles from Corpus Christi, as further support for their position that trying this case in Houston will result in substantial cost and time savings. However, there is no guarantee that Plaintiff will remain incarcerated at the same location throughout the course of this litigation. The undersigned concludes that this factor does not weigh heavily in favor of transfer.[4]

### B. The Public-Interest Factors

With regard to the public interest factors, Defendants only argue that Corpus Christi has no local interest in this case and that burdening the local citizens with a jury

---

[4] The undersigned notes that District Judge Hilda G. Tagle, is assigned to this case and that her chambers are located in the Houston Division courthouse. To the extent that the parties appear before Judge Tagle, Defendants' concerns about cost may be alleviated should future court proceedings before her be conducted in the Houston Division courthouse.

trial is unfair. (D.E. 24, p. 7). Plaintiff counters that the events giving rise to her constitutional claims occurred in the Corpus Christi Division during her stay at the McConnell Unit and that the local citizens of this division should, therefore, be concerned about these constitutional violations. (D.E. 29, p. 7).

Given that Plaintiff received medical care as to her GID and was subject to the general policy pertaining to her disorder while she was housed in the McConnell Unit, the local citizens residing within the Corpus Christi Division have a strong interest in this case. The citizens residing within the Houston Division also have an interest in this case's outcome as the GID policies were implemented by the CMHC committee consisting of Defendants and other members. Given the respective interests of the local citizens in each division, the undersigned concludes that this factor does not weigh heavily in favor of transfer.

**IV. CONCLUSION.**

As discussed above, the only factor that weighs slightly in favor of transfer to the Houston Division is the location of relevant sources of proof. The more important factor to consider, however, is the cost of attendance of non-party witnesses, and Defendants have made no specific, compelling showing in favor of transfer. Defendants have otherwise identified no private or public factor as weighing heavily in favor of transfer. Because it is Defendants' burden to demonstrate that the transferee venue—the Houston

Division-- is "clearly more convenient," they have failed to meet their significant burden. Accordingly, Defendants' Motion to Transfer Venue (D.E. 24) is DENIED.

ORDERED this 19th day of May, 2017.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE