United States District Court
Southern District of Texas
Corpus Christi Division

Clerk, U.S. District Court
Southern District of Texas
FILED

SEP 26 2019

David J. Bradley, Clerk of Court

Bobbie Lee Haverkamp
Plaintiff

vs.

University of Texas Manage
Health Care Committee.
Defendants. ) Dr Ben Raimer
2) Dr. Lannette Linthicum
3) Owens Murray, D.O
4) Dr Cynthia Jumper
5) Dr Parker Hudson
6) Dr Joseph Penn
7) John Mills, OD
8) Dr. Howard Berenzeig
9) Dr. Elizabeth Ann Linder
10) Mary Ann Linder
11) Dr. Marante de la Garza-Graham

Cause # 2:17-CV-18

Motion to Deny
Defendants Protective
Order

Plaintiff's Memorandum
in
Opposition to Defendants
Motion for
Protective Order

①

The Counsel for the Defendants are listing only 7 Defendants, their are four Defendants missing ___ Where are they?

The Plaintiff ask the Court to deny the Defendants Motion for Protection Order,

## A.
## Introduction

1) The Plaintiff is Bobbie Lee Haverkamp

The Defendants are the eleven (11) members of the Mawage Health Care Committe,

2) The Plaintiff sued the Defendants for:

   1) Discrimination

   2) Sex- Sterotyping

   3) Breech of Care /Contract.

3) The Plaintiff filed "A motion for Production.

The Defendants filed A motion for Protective order Asking the Court to Enter An order protecting the Defendants from the Plaintiff's request.

B

## Argument

4. Although the Court has broad discretion to protect a party with a protective order on showing of good faith or cause, this is not a case in which the Court should do so.

To determine good cause, the Rhinehart Standard says the Court must weigh the mouant's privacy intrest in the information And its burden of producing the information Against the non mouants And the Public right to obtain information. (104 sct 2199)

5) The Court should deny the Defendants request for a protective order for the following reasons.

The Defendants have raised a Genue Disputed Issue only a Jury may decide.

Page 2 in the Defendants brief the Equal Protection Clause is being used the wrong way. The Defendants fail to address Equal Protection Arguement is a double Edge sword that cuts both ways.

Gender Dysporia is a condition
that affects, natural males and natural females.

The issue is not the identy of male or
female, the issue is Discrimination that
other offenders are treated fou their condition
medically speaking, yet the Plaintiff as
a Gender Dysporia patient is denyed
treatment based on discrimation,

When you insert the Plaintiff as a
biological Male, then Equal Protection has
to apply, Biological Males being treated by
the Defendants have a Standard of Care
they are treated that is acceptable in
the Medical Commanty, The Plaintiff has
no Standard of Care that is acceptable
in the Medical Commanty for the treatment
of Gender Dysporia,

## If

You insert the Plaintiff on the female
side (Biological) then Biological females
have a Standard of Care to treat their disorders
that is acceptable in the Medical Commuity.
    Yet even if you inject the Plaintiff, there
is no Standard of Care to treat Gender Dysporia
that is Acceptable in the Medical Commawity.

4

So

The Genune Disputed Issue that a Jury must decide is the Plaintiff similarly situated when it comes to other prisoners that Equal Protection goes only one way as the Defendants claim.

This is a matter for the Jury.

### Eleventh Amendment Immunity

We are back to squre one, the 12(B)(1) is a Courts decision. The Defendants need to convince the Court.

Counsel's request for a Protitive Order untill the 12B motions are heard is meaningless, the Court is under No time table to decide a 12(B) motion, These types of motions are the Defendants and can be decided anytime — before trial, during trial, after a jury hears Evidence,

Defendants say the Plaintiff's requests Are overly Broad and unecesary

Your Honor, the Defendants will put into play that Medical Care for Gender Dysporia is a Medical Hot Spot.

(5)

We cannot wish it would go away. The Plaintiff Knows and Counsel Strawn Knows its going to be raised.

If Counsl Strawn doesn't raise the issue, he can bet his paycheck the Plaintiff will raise it,

Strawn is whining there's 31 facts to look up and its a Burden -

These 31 Articles Are the Eleven Defendants own Articles they used to convince the Plaintiff that their treatment for Gender Dysphoria was safe, Effective, Accepted in the Medical Community and will cure the Plaintiff of Gender Dysphoria,

The Plaintiff ask nothing more than for the Defendants to produce their own documents.

Thats not a Overbroad Request

Again Counsal Strawn complains its a Burden to produce the names or committe that the Defendants would contact in TDCJ for approval to Treat Gender Dysporia.

Your Honor, TDCJ and Medical Contractor UTMB will soon be pointing the finger At Each other Saying hedid it, No, They did it. Someone's lying but which one?

Surly the Plaintiff should have the Equal Protection of Rule 34 to Know who is the committe or persons that would Approve or disapprove the treatment for Gender Dysporia on the TDCJ side of the ledger.

The normal suspect is Dr. Lannette Linthicum, she is on TDCJ side of the Books, but she only falls very soft in that catagory. Yet you never know.

The contact person is important, the Defendants have already made the claim "They" won't let his provide proper medical care for Gender Dysporia.

The Defendants state a Equal Protection claim in that other offenders Are provided

Adequate Medical Care but "They" will not get the Defendants provide Acceptable care for Gender Dysphoria to the Plaintiff.

So, back to square one ___ Is "They" lying or is the Defendants lying?

Someone is in the crosshairs of a 14 Amendment violation for Discrimination, Sex Sterotyping and Breech of Contract.

Lets ask the contact person. Surely Counsel Strawn has no objections to the truth.

<u>'Similarly Situated</u>

This Arguement fails, Gender Dysphoria affects males or females.

The point here is when other offenders get treatment for their medical condition And the Plaintiff is denied then the Defendants themselves state a violation of Equal Protection under the 14th Amendment.

Counsel Strawns Arguement is pointless

———————————

## Burdensome for the Defendants

Your Honor, the Plaintiff is not trying to offend the Defendants poor little doctor's feelings but the items the Plaintiff asks for is "In House" at Galveston Hospital, I've scan it on their comptuer. Push the number in, press one button and up it pops, ready to read.

If the Defendant would quit violation of the 14th Amendment they would not be in this position.

Counsel Strawn Argaement is to weak to consider. The Defendant have the time, money and manpower, burdensome is not one of them.

---

## Discovery

Counsel Strawn want Everyone to stop the wheels till his motions 12(b)(1) and 12(b)(6) are heard. Issue a stay, till my motions are heard.

The Plaintiff has not done this or that to show the Court.

The Plaintiff is not required to show any materials or information sought is necessary to facilitate the Courts ruling on any Pending Motions to Dismiss.

This is Counsler Strawn burden to show <u>beyond doubt</u> that the Plaintiff cannot prove any set of facts that would entitle it to relief.

Counsler Strawn just forgot this detail, the Plaintiff understands, its just stress that Counsler Strawn is under hearing to Acknowledge the Plaintiff does not Assert a 8th Amendment claim.

Your Honor, this Arguement Counsel Strawn makes is moot and self-serving.

_____

Certificate of Conference.

Counsler Strawn views on a conference is silly, if he wanted to confer he could. Anytime a Federal Judge can place a 3-way conference call, the Texas Prison would jump through hoops for the Texas Attorney General.

Strawn is being a clown.

10

## Summary

Your Honor, I am pro-se, not really versed in law.

The motion for a Protection Order is senceless, the original stay was to see if the Gibson case provided any relief And allow the Defendents breathing room, the Gibson case is over, The present Civil Action moves forward

The Motions to Dismiss are the Defendants, they must prove to the Court there are No Genune Issues in dispute. They must prove beyond a doubt the Plaintiff cannot prove Any set of facts in the saits Allegations,

The Defendents have not done this in the 12(6)(1) or 12(6)(6) motions. They have done alot of rattling but they never proved beyond doubt the Plaintiff cannot prove any set of facts in the allegations.

Your Honor, the Defendants next step is the reply — they get Another bite of the Apple to dismiss in Summary Jedgement.

⑪

The Plaintiff has the rebuttal to any Defendants reply, ready to go.

Once I receive the Rule 34 Documents, I need 5 days to incorporate them in my rebuttal to the Defendants Reply and Motion to Dismiss.

The Plaintiff Allegations are true, can be proven and will stand the test of scrutiny.

Plaintiff ask the Motion for Protective order be denied and the Defendants answer and produce the documents.

So Prays the Plaintiff.

Ms Bobbie Lee Havekamp

Certification of Service

I do swear on Sept 23, 2019 I drop this document to the court and a copy to Counsel Strawn to be forward to the rest of his attorneys Mail to

John Strawn
Pennzoil Place, South Tower
711 Louisiana, Suite 1850
Houston, Texas 77002

Ms Bobbie Havekamp

(12)



MORTH HOUSTON TX 773

23 SEP 2019 PM 3 L

Ms Bobbie David Haverkamp
#702013
Stiles Unit
3060 FM 3514
Beaumont, Texas
77705

Clerk, U.S. District Court
Southern District of Texas
FILED

SEP 26 2019

David J. Bradley, Clerk of Court

United States Federal District Court
Civil Action 2:17-cv-18
1133 W. Shoreline Blvd
Corpus Christi, Texas
78401

78401-200399