United States District Court
Southern District of Texas
**ENTERED**
January 13, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID ALLEN HAVERKAMP; aka HAVERKAMP, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-18 |
| | § | |
| JOSEPH PENN, *et al*, | § § | |
| Defendants. | § § | |

### ORDER GRANTING PLAINTIFF'S MOTION AND AMENDED MEMORANDUM AND RECOMMENDATION

Plaintiff,[1] proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at the Stiles Unit of the Texas Department of Criminal Justice, Criminal Institutions Division in Beaumont, Texas. Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983, complaining that she is discriminated against because she has been diagnosed with a gender identity disorder, but medical officials refused to provide gender reassignment surgery. (D.E. 1). Pending before the Court is a Motion to Include Additional Parties within Scope of U.S. Magistrate Judge B. Janice Ellington's[2] Memorandum and Recommendation issued on November 19, 2019. (D.E. 101).

During the litigation of this case, Judge Ellington was advised that the appropriate defendants were Dr. Owen Murray from the University of Texas Medical Branch

---

[1] Plaintiff requests that the Court utilize feminine pronouns when referring to Plaintiff. (D.E. 2, p. 1). Plaintiff, therefore, will be referenced in this Order and Amended Memorandum and Recommendation as her preferred gender of female, using feminine pronouns.

[2] Judge Ellington retired from the bench on January 3, 2020. This case has now been referred to the undersigned magistrate judge for case management and making recommendations to the district judge on dispositive matters.

(UTMB) and the principal members of the Correctional Managed Health Care (CMHC) committee. Plaintiff subsequently filed her Amended Complaint on October 5, 2017, naming several John and Jane Does as defendants. (D.E. 62, p. 3).

By Order entered on February 28, 2018, Judge Ellington directed counsel for Defendants to file an advisory listing each of the CMHC principal committee members as defendants. (D.E. 70, p. 4). On March 19, 2018, counsel for Defendants filed their Advisory listing the following CMHC principal committee members as defendants: (1) Dr. Margarita De La Garza-Graham; (2) Dr. Cynthia Jumper; (3) Dr. Ben Raimer; (4) Dr. Lannette Linthicum; (5) Dr. F. Parker Hudson; (6) D.O. John Mills; (7) Tamela Griffin; (8) Dr. Harold Berenzweig; (9) Elizabeth Ann Linder; and (10) Mary Annette Gary. (D.E. 71). Judge Ellington subsequently ordered service of Plaintiff's complaint on Dr. Murray and the ten identified CMHC principle committee members. (D.E. 73, 79).

On June 13, 2019, Defendants Raimer, Linthicum, Murray, Jumper, Hudson, Penn, and Mills (collectively referred to hereinafter as "Defendants") filed their Motion to Dismiss. (D.E. 90). On November 19, 2019, Judge Ellington recommended in the M&R that the Motion to Dismiss be granted, that Plaintiff's equal protection claims be dismissed with prejudice for failure to state a claim for relief, that the Court decline supplemental jurisdiction with respect to Plaintiff's state law claim for breach of contract, and that the state law claim be dismissed without prejudice to being raised in state court. (D.E. 99). When issuing the M&R, Judge Ellington inadvertently omitted Dr. Raimer as one of the defendants who had joined in the Motion to Dismiss. The M&R and Plaintiff's objections thereto (D.E. 102) are pending before the district court.

Defendants move the Court to include Defendants Raimer, De La Garza-Graham, Griffin, Berenzweig, Linder, and Gray within the scope and effect of the M&R. (D.E. 101). Dr. Raimer, who had joined in the Motion to Dismiss, should be included within the scope and effect of the M&R. (D.E. 90, p. 1).

Defendants further argue that the M&R's reasoning as to all of the issues is equally applicable to the other CMHC members who did not join in in the Motion to Dismiss and who did not otherwise file a responsive pleading. (D.E. 101, pp. 4-5). The undersigned agrees.

Section 1915(e)(2)(B) mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B). Thus, based on the reasoning set forth in the M&R, Plaintiff's equal protection claims against Defendants De La Garza, Griffin, Berenzweig, Linder, and Gary are subject to dismissal pursuant to § 1915(e)(2)(B). In addition, the Court should also decline to exercise supplemental jurisdiction over Plaintiff's state law claim for breach of contract against these defendants.

Accordingly, Defendants' motion (D.E. 101) is GRANTED, and the M&R issued on November 19, 2019 is AMENDED to include the following additional recommendations. First, it is respectfully recommended that Defendant Raimer be included within the scope and effect of the M&R since he had joined in the Motion to Dismiss. Second, it is respectfully recommended that: (1) pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's equal protection claim against Defendants De La Garza, Griffin, Berenzweig, Linder, and Gary be DISMISSED with prejudice; and (2) the Court

decline to exercise supplemental jurisdiction with respect to Plaintiff's state law claim for breach of contract against these defendants.

ORDERED this 13th day of January, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).