United States Courts
Southern District of Texas
FILED
FEB 12 2020
David J. Bradley, Clerk of Court

United States District Court
Southern District of Texas
Corpus Christi Division

Ms Bobbie David Haverkamp
Plaintiff

vs.

Civil Action 2:17-CV-18

Dr Owen Murphy
Dr Margarite de la Garza
Dr Cynthea Parker
Dr Ben Raimer
Dr F. Parker
Dr Howard Berzerg
Dr L. Linthicum
Dr Joseph Penn
Dr E. Linder
Ms Mary Ann Linder
Mr John Mills
Defendants

Objection under

Obergefell-v-Hodges
576 US _____ (2015)

Page 1

## Argument

This Court is trying to deny the Plaintiff Civil Action for failure to State a Claim under Equal protection.

The Court is saying that the Plaintiff has failed to state a plausible equal protection claim with respect to all her allegations that cisgender female inmates are being treated more favorable than she is as Transgender inmate.

The Court went on to say the Equal Protection Clause directs that all persons similarly situated shall be treated the same; it does not require classes of people different in fact or opinion to be treated as though they were the same.

The Fifth Circuit under Kosilek, supra established that a Transgender is a class of people, just as a natural female or natural male is.

When the 5th Circuit ruled that Gender Dysphoria required two types of treatments

1) Significant Relief
or
2) SRS Surgery

2

The Fifth Circuit itself recognized that Kosilek was living largely as a female and need the significant relief to live largely as a female.

The Plaintiff makes the same argument in her claims.

The 5th Circuit had a interest in ensuring that inmates receive appropriate medical treatments, equal protection ensures this. Treatment for Gender Dysphoria is a feminization process that converts a male Body to female.

You violate Equal Protection clause when you 'say' a Gender Dysphoria Patient must look male, act male and the policies allow only a (+) positive or (-) negative application.

The Defendants themselves put a Transgender on the female side, all treatment is geared and moved to accomplish this.

Now, look at Obergefell/Hodges 576 US ___ (2015) you have in the past had male and female had the only right to marry. Then things changed where same-sex couples are issued that right.

The court said, personal choice

3

regarding marriage is a fundamental liberty inherent in the concept of individual autonomy and is guaranteed to same-sex couples just as to heterosexual couples under the Fourteenth Amendment's due process clause and equal protection clause.

Civil Action 2:17-CV-18 hold the same principle, a transgender individual autonomy is guaranteed to her just as natural males and females. The Plaintiff's 14th Amendment due process clause and equal protection clause is the keystone to medical care for her Gender Dysphoria that feminizes her body and compares it to cisgender females.

This Court made the statement that the Equal Protection Clause does not require classes of people of different in fact or opinion to be treated as though the same.

Yet this Court does not recognize the Plaintiff as a Transgender, compares her treatment to others and when the treatment is different a Constitutional violation has been raised.

The 5th Circuit disagrees with this Court, the 5th Circuit recognized Kosilek was already living ladyly as a woman, so the Court agreed she had equal protection

4

The Plaintiff's complaints are non-invasive yet the Court denies me Equal Protection for medical procedures that the 5th Circuit said was very good medicare and Provided Significant Relief.

This Court can't have it both ways, deny me Equal Protection for relief that fall under the 5th Circuit "Significant Relief" for a transgender then say Significant Relief was prudent practice for medical professionals in giving "Significant Relief".

Which is it?

## Summary

Obergefell/Hodges supra says it all, the concept of individual autonomy is a fundamental liberty inherent in the a transgenders medical treatment that is guaranteed to a transgender just as a natural male or natural female.

The Plaintiff own physician compared her treatment to a cisgender female under Gill-v-Reed 381 F3d 649, 664 a plaintiff may rely on the treating physician to establish the Standard of Care and treatment plan, even if the physician is a agent of the defendants

5

Now your saying I can't compare my treatment to a cisgender female when the Doctor's treatments compared his to a cisgender female.

I object and will appeal.

The Courts asks - to re-read Kosilek, Equal protection was afforded Kosilek, Significant Relief was afforded Kosilek.

The Fifth Circuit recognized Kosilek's Equal protection in the Significant relief, recognized his living as woman and to top it off — if the SRS surgery wasn't a hot topic would of gave her that too.

Theres no difference in my requested relief and Kosilek — Obergefell supra fundamental liberty interest Applies to natural males, natural females and transgenders of either sex.

Issue the Significant Relief.

So Prays the Plaintiff
Ms Bobby
Feb 8, 2020

Certificate of Service

This objections was not mailed to the Defendants, the reason is the Magistrate Judge has already recommended dismissal with prejudice.

This objection is really between the Court and Plaintiff. The main purpose at this point is to voice objections to preserve errors.

Once a Magistrate Judge rules for Dismissal there's not much a Plaintiff can do.

Ms Bobbie
mail Feb 8, 2020