IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID ALLEN HAVERKAMP; aka BOBBIE LEE HAVERKAMP, § § § | | |
| Plaintiff, § | | |
| VS. § | CIVIL NO. 2:17-CV-18 | |
| § | | |
| JOSEPH PENN, *et al*, § § | | |
| Defendants. § | | |

# ORDER

The Court is in receipt of the Magistrate Judge's Memorandum and Recommendation to Grant Defendants' Motion to Dismiss ("M&R"), Dkt. No. 99. The Court is in receipt of the Amended Order Granting Defendants' Motion and Amended Memorandum and Recommendation, Dkt. No. 106. The Court is also in receipt of Plaintiff Bobbie Lee Haverkamp's (aka David Allen Haverkamp) ("Haverkamp") objections to the ("M&R"), Dkt. Nos. 102, 111, 112, 114, 116, 118. For the following reasons, the Court **DECLINES TO ADOPT** the M&R, Dkt. No. 99.

### I.  M&R

Haverkamp is an inmate incarcerated at the Stiles Unit of the Texas Department of Criminal Justice. Dkt. No. 62. Haverkamp complains she has been discriminated against because she has been diagnosed with gender identity disorder, but officials are refusing to provide gender reassignment surgery. *Id*. She raises Equal Protection claims regarding the denial of surgery. *Id*. at 21. She also raises Equal Protection claims regarding a denial of access to medication and other items she was prescribed for the treatment of her gender-identity disorder. *Id*. at 15-17, 34-36. The M&R recommends granting Defendants motion to dismiss. Dkt. No. 99. The M&R states that the reasoning of two unreported District Court cases *Williams v. Kelly,* and *Campbell v. Kallas* serve to dispense with Haverkamp's

claims. *Williams v. Kelly* No. 17-12993, 2018 WL 4403381 (E.D. La. Aug. 27, 2018); *Campbell v. Kallas*, No. 16-cv-261, 2018 WL 2089351 (W.D. Wis. May 4, 2018*), overruled on other grounds*, *Campbell v. Kallas*, 936 F.3d 536 (7th Cir. 2019). The Magistrate Judge states that the common thread to all of Haverkamp's claims is the allegation that Defendants treat cisgender of non-transgender women more favorable than transgender women. Dkt. No. 99 at 14. "In applying the reasoning set forth in *Williams* and *Campbell*, however, the undersigned finds that Plaintiff is not similarly situated to cisgender female inmates. Plaintiff as a transgender female seeks different types of medical procedures and therapy compared to procedures and related therapy for cisgender female inmates." *Id.* The Court **DECLINES TO ADOPT** this recommendation.

The Fifth Circuit has made clear that Equal Protection's "similarly situated" element is not a one-size-fits-all analysis. *Lindquist v. City of Pasadena Texas*, 669 F.3d 225, 233 (5th Cir. 2012). "The legal requirement that a class-of-one plaintiff's comparators be 'similarly situated' is not a requirement susceptible to rigid, mechanical application—'[t]here is no precise formula to determine whether an individual is similarly situated to comparators.'" *Id.* "In short, the inquiry is case-specific and requires us to consider 'the full variety of factors that an objectively reasonable ... decisionmaker would have found relevant in making the challenged decision.'" *Id.* Defendants' motion to dismiss does not perform a case-specific similarly-situated analysis and one is not present in the M&R. *See* Dkt. Nos. 90, 99. A review of Haverkamp's complaint demonstrates the underlying facts are different than those in the unreported District Court cases *Williams* and *Campbell*. See Dkt. No. 62; *Williams*, 12993, 2018 WL 4403381 at *3; *Campbell*, 2018 WL 2089351. Haverkamp states that she received treatment for gender dysphoria and was "chemically castrated, by the defendants." Dkt. No. 24.

An action may be dismissed for failure to state a claim when the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The complaint must be liberally construed in favor of the plaintiff and assume the truth of all pleaded facts. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). Pro se complaints are also held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Reading the complaint liberally, Haverkamp alleges that Defendants helped her undergo gender transition, including chemical castration, making her similarly situated to cis-gendered female inmates and resulting in a violation of the Equal Protection clause when her surgery request was denied. *See* Dkt. No. 62. Assuming the truth of the pleaded facts, such a claim has facial plausibility, is more than labels and conclusions, and has not been shown to be implausible by law or reasoning cited by the Defendants. *See* Dkt. No. 90; *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. 544; *Oliver*, 276 F.3d at 740; *Haines*, 404 U.S. 520. Accordingly, the Court **DENIES** Defendants' motion to dismiss Haverkamp's Equal Protection claims. Because the Court is retaining the Equal Protection claims, the Court also exercises supplemental jurisdiction over Haverkamp's state law contract claim and **DECLINES TO ADOPT** the M&R's recommendation regarding the contract claims.

## II. CONCLUSION

For the foregoing reasons, the Court **DECLINES TO ADOPT** the Memorandum and Recommendation, Dkt. No. 99. After considering the objections, 102, 111, 112, 114, 116, 118, reviewing the record and the applicable law the Court hereby **DENIES** Defendants' motion to dismiss, Dkt. No. 90.

SIGNED this 2nd day of April, 2020.

_____
Hilda Tagle
Senior United States District Judge