UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID ALLEN HAVERKAMP; aka HAVERKAMP, | § § § | |
| Plaintiffs, | § § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-18 |
| JOSEPH PENN, *et al*, | § § § | |
| Defendants. | § § | |

# MEMORANDUM AND RECOMMENDATION
## TO DISMISS DEFENDANT DR. JOESEPH PENN WITHOUT PREJUDICE

Plaintiff,[1] proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at the Stiles Unit of the Texas Department of Criminal Justice, Criminal Institutions Division in Beaumont, Texas. Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983, originally naming Dr. Joseph Penn and Dr. Lannette Linthicum as defendants. (D.E. 1; D.E. 2, pp. 2-3).

During the litigation of this case, the undersigned was advised that the appropriate defendants were Dr. Owen Murray from the University of Texas Medical Branch (UTMB) and the principal members of the Correctional Managed Health Care (CMHC)

---

[1] Plaintiff requests that the Court utilize feminine pronouns when referring to Plaintiff. (D.E. 2, p. 1). Plaintiff, therefore, will be referenced in this Order and Amended Memorandum and Recommendation as her preferred gender of female, using feminine pronouns.

committee. Plaintiff subsequently filed his Amended Complaint on October 5, 2017, naming several John and Jane Does as defendants. (D.E. 62, p. 3). When Plaintiff filed the amended complaint, a notation was entered on the docket sheet showing that Dr. Penn was terminated as a defendant in this case. At the direction of the Court, counsel for Defendants filed an advisory listing the CMHC principal committee members. (D.E. 71). Magistrate Judge B. Janice Ellington subsequently ordered service of Plaintiff's complaint on Dr. Murray and the ten identified CMHC principle committee members. (D.E. 73, 79).

On March 18, 2018, Magistrate Judge Ellington issued an order directing Plaintiff to show cause why Dr. Penn should not be dismissed from this action without prejudice as the proper defendants have been identified. (D.E. 72). Plaintiff responded that it would be premature to dismiss Dr. Penn who had presented himself as an accountable party. (D.E. 75, pp. 1-3). Plaintiff acknowledged, however, that Dr. Murray and the CMHC committee members are the proper defendants in this case. (D.E. 75, p. 2).

To date, the Court has not ruled on whether Dr. Penn should be dismissed from this action. On April 8, 2020, Defendants filed a notice of substitution of parties in which they noted that it was unclear whether Dr. Penn is still a defendant in this case. (D.E. 127, p.3, n. 2). It appears that Dr. Penn was prematurely terminated as a party defendant on October 5, 2017 based on the filing of Plaintiff's Amended Complaint. The undersigned finds nevertheless that Dr. Penn should be dismissed from this action as the appropriate defendants capable of providing Plaintiff his requested relief have been

identified. Accordingly, it is respectfully recommended that Defendant Dr. Joseph Penn be DISMISSED from this action without prejudice.

ORDERED this 17th day of April, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).