IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DAVID HAVERKAMP, § <br> TDCJ NO. 00702013, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> JOSEPH PENN, *et al.*, § <br> Defendants, § | Civil Action No. 2:17-CV-00018 <br><br> Jury Demand |

**DEFENDANTS' JOINT OPPOSITION TO PETITIONERS SHAWN KELLY VINSON, ISABELLE MILLER, AND JAMES SEAT'S MOTIONS TO INTERVENE**

Defendants Dr. Lannette Linthicum, Rodney Burrow, Preston Johnson, Jr., John Burruss, Erin Wyrick, Jeffrey Beeson and Dee Budgewater, through the Attorney General for the State of Texas, and Philip Keiser M.D., through his attorney of record, jointly file this opposition to the motions to intervene filed by Shawn Kelly Vinson, Isabelle Miller, and James Seat. Dkt. Nos. 141, 156, 164. In support thereof, Defendants respectfully offer the following.

## Statement of the Case

Shawn Kelly Vinson, Isabelle Miller, and James Seat seek to intervene in an action filed pro se and in forma pauperis by David Haverkamp. Dkt. No. 9. Plaintiff is an inmate at the Stiles Unit of the Texas Department of Criminal Justice ("TDCJ") located in Jefferson County, Texas. Plaintiff is a biological male who identifies as a transgender woman. *See* Dkt. No. 6. Plaintiff has brought suit under 42 U.S.C § 1983 alleging that the denial of sexual reassignment surgery ("SRS") is a violation of her rights under the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution. *Id*.

Defendants are members of the Correctional Managed Healthcare Committee (CMHCC"). The CMHCC is made up of members employed by TDCJ, University of Texas Medical Branch ("UTMB"), Texas Tech University Health Science Center ("TTUHSC"), employees of other medical schools, and members of the public that are appointed by the governor. *See* Tex. Gov't Code § 501.133. Members of the CMHCC do not provide medical care within TDCJ prison facilities. All medical care within TDCJ prison facilities is provided by medical providers employed by either UTMB or TTHSC. Plaintiff "only seeks injunctive relief in this case." Dkt. No. 70 at 2.

## ARGUMENT

Intervention is inappropriate in this case. Federal Rule Civil Procedure 24 governs (a) interventions of right and (b) permissive interventions. Neither provision of the rule supports intervention in this case.

**Federal Rule Civil Procedure 24(a)**

A party is only allowed to intervene of right if they "are given an unconditional right to intervene by a federal statute," or they "claim an interest to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a). Shawn Kelly Vinson, Isabelle Miller, and James Seat each fail to state a federal statute which gives them an unconditional right to intervene pursuant to Rule 24(a)(1). *See* Dkt. Nos. 141, 156, 164. Therefore, Rule 24(a)(1) does not apply.

To establish a right to intervene under Rule 24(a)(2):

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; [and] (4) the applicant's interest must be inadequately represented by the existing parties to

the suit.

*Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996). Isabelle Miller has not pled any facts to establish this intervention is timely, and thus cannot establish a right to intervene under Rule 24(a)(2)(1). *Id*. Vinson, Miller, and Seat each state an interest in the relief of their *own* symptoms of gender dysmorphia but fail to identify an interest that they have in these proceedings involving the SRS of an unrelated inmate. Additionally, each fail to articulate how the disposition of the instant action may impair or impede their ability to protect their *own* interests specific to each individual's symptoms. Therefore, the proposed intervenors fail to establish the right to intervene under Rule 24(a)(2)(2) and Rule 24(a)(2)(3).

In the alternative, even if Vinson, Miller, and Seat could establish that the first three factors are met, they each have the burden of establishing inadequate representation by the existing party through a showing of adversity of interest, collusion or nonfeasance on the part of the existing party who has the same ultimate objective. *See Edwards*, 78 F.3d at 1005 (citing *United States v. Franklin Parish Sch. Bd.*, 47 F.3d 755, 757 (5th Cir. 1995) (citing *Kneeland v. National Collegiate Athletic Ass'n*, 806 F.2d 1285, 1288 (5th Cir. 1987)). To the extent they claim a common interest in SRS, they each fail to allege inadequate representation or provide factual support to overcome the presumption that Haverkamp can adequately represent their overall interests. Instead, they each state their own symptoms of gender dysmorphia and claim an interest in a cure or alleviation of gender dysmorphia but fail to assert or provide support that the Plaintiff inadequately represents the same ultimate goal or that there is any adversity of such interest.

Because Vinson, Miller, and Seat do not allege any federal statute that mandates they be allowed to intervene, nor do they identify an interest that they have in the proceedings that

establishes inadequate representation by Haverkamp, an intervention of right under Federal Rule 26(a) is unjustified.

**Federal Rule Civil Procedure Rule 24(b)**

Vinson, Miller, and Seat also fail to satisfy Rule 24(b), the "permissive intervention" rule. This subsection states the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The trial court has discretion to permit intervention, unless "the intervention would unduly delay or prejudice the adjudication of the original parties' rights," and may consider whether intervenors' interests are adequately represented by other parties. Fed. R. Civ. P. 24(b)(3); *see In re Deepwater Horizon*, 546 Fed. Appx. 502, 506 (5th Cir. 2013); *Kneeland*, 806 F.2d at 1289.

Permitting intervention, given the procedural posture of this case, would unduly delay this litigation. This case has been on file since 2017. It has been actively litigated since May of 2019. The denial of certain Defendants' Motion to Dismiss is on appeal, and the remaining Defendants' Motion to Dismiss is set for hearing on June 22, 2020. Intervention at this time would unduly delay the disposition of the case.

Moreover, TDCJ Policy G-51.11 establishes that transgender inmates must be evaluated by the appropriate medical and mental health professionals and have each individual's treatment determined on a case by case basis using the accepted medical standards. *Gibson v. Collier*, 920 F.3d 212, 217–18 (5th Cir.), *cert. denied*, 140 S. Ct. 653 (2019). If Vinson, Miller, and Seat are allowed to intervene, the Plaintiff's case would be unduly delayed by the need for medical and mental health professionals to assess the intervenors's alleged conditions and proper treatment pathways.

Additionally, allowing intervenors as the current litigation is being presented on appeal would make this litigation "unnecessarily more complex," and, in all likelihood, increase demand on state and judicial resources prematurely. The court should decline to allow intervention when it would "needlessly increase costs and delay disposition of the litigation." *Hopwood v. State of Tex.*, 21 F.3d 603, 606 (5th Cir. 1994). For these reasons, Vinson, Miller, and Seat's motion should be denied.

## Conclusion

For the foregoing reasons, Defendants respectfully request Shawn Kelly Vinson, Isabelle Miller, and James Seat's motions to intervene be denied.

**Dated:** June 8, 2020.

Respectfully Submitted.

**Ken Paxton**
Attorney General of Texas

**Jeffrey C. Mateer**
First Assistant Attorney General

**Ryan L. Bangert**
Deputy First Assistant Attorney General

**Darren L. McCarty**
Deputy Attorney General for Civil Litigation

**Shanna E. Molinare**
Division Chief
Law Enforcement Defense Division

*/s/ Courtney Corbello*
**Courtney Corbello**
Assistant Attorney General
Texas State Bar No. 24097533
Southern District ID No. 3089117

courtney.corbello@oag.texas.gov
**ATTORNEYS FOR DEFENDANTS PENN, JUMPER, AND HUDSON**

*/s/ Bruce Garcia*
Bruce Garcia
Assistant Attorney General
Texas State Bar No. 07631060
Southern District ID No. 18934
Bruce.Garcia@oag.texas.gov
**ATTORNEY FOR DR. LINTHICUM**

**OFFICE OF THE ATTORNEY GENERAL**
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9410 (Fax)

*/s/ John Strawn*
John R. Strawn, Jr., #19374100
STRAWN PICKENS L.L.P.
Pennzoil Place, South Tower
711 Louisiana, Suite 1850
Houston, Texas 77002
(713) 659-9600
(713) 659-9601 Fax
jstrawn@strawnpickens.com
**ATTORNEY FOR DR. KEISER**

### NOTICE OF ELECTRONIC FILING

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Southern District of Texas, on June 8, 2020.

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and forgoing has been served via US Postal Service, postage prepaid, certified mail, return receipt requested, on June 8, 2020, addressed to:

David Alan Haverkamp
a/k/a Bobbie Lee Haverkamp, #702013
Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

                                              */s/ Courtney Corbello*
                                              **COURTNEY CORBELLO**
                                              Assistant Attorney General