United States District Court
Southern District of Texas
Corpus Christi Division

United States Courts
Southern District of Texas
FILED
JUN 15 2020
David J. Bradley, Clerk of Court

Ms Bobbie David Haverkamp
Plaintiff

vs

Civil Action 2:17-CV-18

CMHC of UTMB
Defendants

Objection to
D.E. 158
Motion to Dismiss

To the Honorable JUDGE of Said Court,
Now Comes, Ms Bobbie, A/K/A the Plaintiff And objects to D.E. 158 on Contract Grounds under Gill-v-Reed 381 F3d 649, 664.

Arguement to Support
the Plaintiff's Position

The Plaintiff needs the Court to Aware

that per Gill-v-Real, supra the plaintiff may rely on the treating physician Dr. Farley and Dr. Meyers to establish the Standard of Care and treatment plan even if that physician is an agent of the Defendants

On Oct 17, 2014 Dr Myer establish that the Plaintiff had to be on hormones one-year and would obtain reassignment surgery if in fact the Plaintiff accepted.

The Plaintiff accepted

The only ones involved, Doctor Penn, Dr. Linthicum, Dr. Meyers.

Let's fast forward, Jan 2017 the Plaintiff sued Dr. Linthicum and Dr. Penn for Equal Protection, Sex-Stereotyping and Breech of Care/Contract

Under Phillips-v-Seiberling Rubber①, the law quite clear, as men bind themselves so they must stand bound, and when the terms of contract are free from ambiguity and not such as are against policy of law to enforce the establish the rights of the parties in subject matters which will be enforced by the Courts

① 278 SW 2d 393

The 5th Circuit never ruled SRS was illegal in Texas, so the personal physician/patient contract isn't against the policy of law.

The terms of the contract are clear 12 months on hormon you will receive SRS.

The Court is well aware Dr. Meyers said, UTMB is going to have to do SRS, its enevable. The Court has letters on file since Jan 2017 all the back to Jan 2014 that establishes SRS and the treatments that were taken place to get to SRS.

6

Seward/Union Pump, Texas Law general rule of construction is that a contract is to be strickly construed against the party preparing the document.

The Defendants brought SRS to me, I thought about it 5 days — accepted the treatment plan for SRS

② 428 F Sup 161

③

The CMHC was put on the civil action by Mag. Judge Ellington, Texas Attorney Generals attorney's Wiley, RHEA and Cunningham., the CMHC was supposed to be able to provide relief

The CMHC was bound to the treatment plan that was in place since Oct 2014.

Now, we have new members, the contract still is in effect and binds the CMHC to the terms of 12 months on Hormones then SRS. since Oct 2014

D.E. 158 may move to the Left ___ move to the right but no motion to dismiss allows the CMHC to anything other than to the terms of the contract

Your Honor D.E 158 is moot under the terms of Phillips/Seibeling Rubber, Dismissal is moot, CMHC has a contract.
They need to fill it.

Dismiss the Motion.

So Prays the Plaintiff
Ms Bobbie
June 19, 2020

## Certification of Service

The Clerk is ask to send a copies of this motion to

Texas Attorney General — Corbello
P.O. 12548
Austin, Texas
78711-2548

And

Rights Behind Bars
Samuel Weiss — Attorney
416 Florida Ave NW 26152
Washington, D.C.
20001

So swears the Plaintiff, June 10, 2020

Mr Bobbwe
# 702013