United States District Court
Southern District of Texas
Corpus Christi Division

United States Courts
Southern District of Texas
FILED
JUN 17 2020
David J. Bradley, Clerk of Court

Ms. Bobbie David Hauerkamp
Plaintiff

vs

Civil action 2:17-CV-18

CMHC of UTMB
Defendants

## Objection to D.E. 158 order Deception

To the Honorable Judge of said court,

Now comes, Ms. Bobbie AKA the Plaintiff and objects to the Defendants late and misplaced motion to dismiss the present civil action.

In situations such as this, its a created confusion by the Defendants to pull the arguement to a area that has nothing to do with the civil action that asks for nothing more than to produce the standard of care for the treatment of Gender Dysporia that is acceptable in the medical community for the treatment of a Transexual woman



procedural errors to dismiss. I object. We are post-procedural in the District Court for Civil Action 2:17-CV-18, we are at the 5th Circuit.

The new members are bound to the CMHC as a group. The group elected the Texas Attorney General to represent them, the group then their lawyer signed off on the FRCP 12 motions, the District Court declined to adopt the motion to dismiss — stated the Plaintiff stated a claim for relief.

Your Honor, am I missing something? No matter what claims the new members bring forward, the claims cannot defeat the fact the Plaintiff stated a claim for relief, the Defendants are running game on the Plaintiff. End of story.

## Summary

The Plaintiff advances that the DE 158 is a sham due to the fact the Federal Rules of Civil Procedure does not allow a motion to dismiss to procede after the District Court denies the Defendants motion to dismiss.

The decision by the District Court that the Plaintiff stated

(2)

a claim for relief bar's re-litigation and is a decision on the merits.

Let the Plaintiff be very clear, the Plaintiff didn't sue the CMHC Board. Dr. Linithicum in the original complaint, Document 62 was sued with Dr. Penn.

The Texas Attorney General put the CMHC of 2017 on the suit because they could provide relief.

Now, when we deal with Boards, All government in the United States are styed on Corporation Board from the President of the United States to the lowest being county government.

At the county level you normally have a County Judge presiding over the County Commissioners. The County Judge is considered the permanent chair, elected every 6 years, the County Commissioners are board members elected every two years.

In the present case, the CMHC has a permanent chair — its Defendant Dr. Linithicum. Board members will come and go but the permanent chair remains.

Dr. Linithicum is the majority whip of the CMHC, she's the Boss.

Again let the Plaintiff be very clear, the Plaintiff stated a claim for relief, once a claim as stated (see) Rule, the Defendants may not appeal an order denying an FRCP 12(b)(6) motion under the standard of Jackson-v-City of Atlanta 73 F.3d 60,63 (5th Cir. 1996).

When the newly served members were substituted, Civil Action 2:17-CV-18 was already decided on its merits and litigation was closed.

FRCP 25 (c), Transfer of Interest, the rule is quite clear, "In case of transfer of interest, the action may be continued by or against the original party, unless the Court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original parties."

The Court has members of the original party — Kirkicum, Jumper, Hudson.

All new members are joined with the original parties. The original parties have been dismissed in their official(s) to dismiss the Plaintiff's civil Action for failure to State a claim for relief.

The Texas Attorney General(s) can Harass(es),

Dr. Linthicum, chairwoman had a serious civil action going on.

The court needs to remember, the Plaintiff voiced concern did the substituted members really understand? What kind of people do this? — Are they insane?!! All of the was brought up.

The court needs to remember, the Plaintiff voiced concern did the substituted members really understand? What kind of people do this? — Are they insane?!! All of the was brought up.

Your Honor, Like we ask the clerk for DE 158, I have never seen a "Motion to Dismiss". I would of picked it up, I wonder what FRCP Rule are they allowed to do this?

The Plaintiff advanced the New members are a Sham they are out on the Board to allow a talking point on a New Motion to dismiss Civil Action 2:17-cv-18. Am I wrong? produce their purpose. Their schooling, their Medical Degrees, who approved them? What rule, what procedure.

The court relize that in 6 months are have civil action 2:17-cv-18 in the court for 5 years on just procedurs!! This is what gives law a bad name.

The Plaintiff has been in these kind of sitations, her mind is clear, steady and she has the determination to sweat it out.

Your Honor, they are going to answer this civil action.

- Need the court to clearly define the issue Garcia is raising

- Need the court to note, the CMHC were in the suit do to the Texas Attorney General and the Court as the ones that could give me relief.

- Dr. Linthicam was the one the Plaintiff sued, she's the whip of the CMHC

- Give the Plaintiff permission to by-pass the District Judge and go right to the 5th circuit to settle Garcia issue to do a 2nd dismissal.

- The Stay stops everything, so all the due dates are out the window. The Court should take notice, intested parties are waking up, be prepared for strange people to show up.

This is not the Plaintiff doing. Its one thing to walk fearlessly and impartially with the public at large, but 5 years on procedores, Really!! what do you call this? , its also called not wanting to take on responsbility. and walk fearlessly and impartially with the public at large and denie Equal Protection to the Plaintiff for being a Transexual woman, fearlessly, know the courts/law have your Back

- The Plaintiff reminds the Court, her Motion for Production of Documents was struck by the Courts. And she had to file direct with the Defendants.

- In the 5th Circuit Joint Motion to Stay p 6 of 10
  The Defendants said..... As Haverkamp's situation has not changed since her first stay, there is no basis to find a stay will irreparable harm her now.

- Your Honor), I am being Harmed, I do not get any relief on the Non-Invasive treatment in Gibson/Collins.

- You got 3 entrusted parties with serious self damage and no treatment or relief.

- You get a old Freeze Frame policy that going on where you get a Bra/Hormone, yet are denied the Significant Relief in Gibson supra. And it continues, And it won't stop.

- The Plaintiff filed a temporary restraining order, __ it was ignored.

- Your Honor, I signed on June 8, 2020 a order from the Texas Attorney General they wanted a response to the Motion for protective order.

  I filed a response on the same day, June 8, 2020

- On June 9, 2020 I got issued a court order document 171 granting the Defendants motion for a protective order

- The odd thing here is the court order is signed June 3, 2020

- Your Honor, this makes the Plaintiff look like a fool and says volumes that the Defendants get what they want, regardless of what the Plaintiff files or when its filed or what the Plaintiff says.

- I never saw D.E. 158, its just a sham to allow the Defendants time to get a Stay before the 5th Circuit that's all this is about.

- There's nothing more the Plaintiff can say, the June 3, 2020 Court order says it all, it don't matter what the Plaintiff says

With respect
Ms Bobbie
June 14, 2020

## Certification of Service

The Plaintiff swears on penalty of perjury that she drop this in the prison mail Box on _____ to be delivered to the Clerk of the courts to file and mail to the following Attorneys:

1. Texas Attorney General - Corbello
   P.O. Box 12548
   Austin, Texas 78711-2548

   and

2. Right Behind Bars
   Samuel Weiss - Attorney at Law
   416 Florida Ave., NW 26152
   Washington, D.C.
   20001

Exhibit F

United States District Court
Southern District of Texas
**ENTERED**
June 03, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID ALLEN HAVERKAMP; aka HAVERKAMP, | § § § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-18 |
| JOSEPH PENN, et al, | § § § | |
| Defendants. | § | |

**ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER
& DENYING PLAINTIFF'S MOTION FOR PRODUCTION OF DOCUMENTS**

The Court has reviewed Defendants' Joint Motion for Protective Order (D.E. 169). [handwritten: Never got this. What is this?]

The Court finds that good cause exists to grant a temporary stay of discovery.

It is hereby **ORDERED** that Defendants' motion (D.E. 169) is **GRANTED**. This Court hereby **ORDERS** that all discovery served in this case shall be stayed, and no further discovery shall be served, until Defendants' motion to dismiss (D.E. 158) is resolved. [handwritten: never got this — what is this, the 2nd motion to dismiss]

The Court has further considered Plaintiff's Motion for Production of Documents (D.E. 170). The motion is **DENIED** at this time because the Court has granted this temporary stay of discovery. [handwritten: What temporary? 30 days? or 3 years?]

ORDERED this 3rd day of June, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

[handwritten: Odd, I never received #158 or 169]

1 / 1