United States District Court
Southern District of Texas
**ENTERED**
July 07, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID ALLEN HAVERKAMP; aka | § | |
| HAVERKAMP, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-18 |
| | § | |
| JOSEPH  PENN, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY THE MOTIONS TO INTERVENE**

Plaintiff,[1] proceeding *pro se* and *in forma pauperis*, has filed this lawsuit pursuant

to 42 U.S.C. § 1983.  Pending before the Court are motions to intervene filed by Shawn

Kelly Vinson (D.E. 141), Isabelle Miller (D.E. 156), and James Seat (D.E. 164).  For the

reasons discussed below, the undersigned respectfully recommends that the proposed

intervenors' motions be **DENIED**.

**II.    BACKGROUND**

Plaintiff is an inmate incarcerated at the Stiles Unit of the Texas Department of

Criminal Justice, Criminal Institutions Division in Beaumont, Texas.  In her civil rights

action, Plaintiff asserts violations of her constitutional rights based on the failure of the

TDCJ to provide her with gender reassignment surgery or non-invasive procedures for

---

[1] Plaintiff requests that the Court utilize feminine pronouns when referring to Plaintiff.  (D.E. 2, p. 1).  The undersigned, therefore, will refer to Plaintiff in this Memorandum and recommendation as her preferred gender of female, using feminine pronouns.

her gender dysphoria[2] or Gender Identity Disorder (GID). (D.E. 2, p. 17).   Plaintiff subsequently filed an amended complaint. (D.E. 62).   On June 13, 2019, several defendants filed a motion to dismiss the amended complaint.  (D.E. 90).

On November 19, 2019, the Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation, recommending that the motion to dismiss be granted, that Plaintiff's equal protection claims be dismissed with prejudice for failure to state a claim for relief, that the Court decline supplemental jurisdiction with respect to Plaintiff's state law claim for breach of contract, and that the state law claim be dismissed without prejudice to being raised in state court. (D.E. 99).   On January 17, 2020, the undersigned issued an Amended Memorandum and Recommendation (AM&R).  (D.E. 106).  On April 3, 2020, Senior District Judge Hilda G. Tagle declined to adopt the M&R and denied the motion to dismiss.  (D.E. 123).

Plaintiff's allegations and claims have been set forth in the M&R and are incorporated by reference herein.  Offenders Shawn Kelly Vinson, Isabelle Miller, and James Seat (each housed at the Stiles Unit) have filed motions to intervene as party plaintiffs in this case.  (D.E. 141, 156, 164).  On June 8, 2020, Defendants Linthicum, Burrow, Johnson, Burress, Wyrick, Beeson, and Budgewater (Intervention Defendants) filed their response to the motions to intervene.  (D.E. 174).

---

[2] Gender dysphoria "refers to the distress that may accompany the incongruence between one's experienced or expressed gender and one's assigned gender."  Am. Psychiatric Ass'n, *Diagnostic and Statistical Manuel of Mental Disorders* 451 (5th ed. 2013).

## II.   DISCUSSION

Offenders Vinson, Miller, and Seat seek to intervene as party plaintiffs.  (D.E. 141, 156, 164).  Each of these offenders state that they suffer from Gender Dysphoria. Offender Vinson indicates that she has urges to amputate or auto-castrate her male genitalia.  (D.E. 141, pp. 2-3).  While being allowed to take hormone therapy, Offender Vinson complains about being denied proper undergarments.  (D.E. 141, p. 4).  Offender Seat states that she has had multiple suicide attempts and that she has not received treatment to alleviate her symptoms.   (D.E. 164, p. 2). The Intervention Defendants respond that neither interventions of right (Fed. R. Civ. P. 24(a)(1)) nor permissive interventions (Fed. R. Civ. P. 24(b)) are appropriate.  (D.E. 174).

Intervention is appropriate when it prevents multiple lawsuits where common questions of law or fact are involved.  *Deus v. Allstate Ins. Co.,* 15 F.3d 506, 525 (5th Cir. 1994) (citation omitted).   "The purpose of intervention is to admit, by leave of court, a person who is not an original party into a proceeding. The intervening party then becomes a 'party' for the purpose of protecting some right or interest alleged by the intervenor to be affected by the proceeding."  *Id.* (citation omitted).  Rule 24 allows two types of intervention: section (a) provides for intervention of right (mandatory intervention) and section (b) provides for permissive intervention.  Fed. R. Civ. P. 24; *Bouchard v. Union Pac. R. Co.*, No. H-08-1156, 2009 WL 1506677, at *1 (S.D. Tex. May 28, 2009).

A proposed intervenor is entitled to mandatory intervention if four elements are satisfied:   "(1) the motion to intervene is timely; (2) the potential intervenor asserts an

interest related to the property or transaction forming the basis of the controversy in the case into which the party seeks to intervene; (3) the disposition of the case may impair or impede the potential intervenor's ability to protect its interest; and (4) the existing parties may not adequately represent the potential intervenor's interest." Fed. R. Civ. P. 24(a)(2); *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004). While the applicant bears the burden of demonstrating entitlement to intervene and the failure to satisfy any one element precludes the applicant's right to do so, "the inquiry under subsection (a)(2) is a flexible one," and "intervention of right must be measured by a practical rather than technical yardstick." *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005) (citations omitted).

With regard to interventions of right under Rule 24(a)(1), the Intervention Defendants contend that the potential intervenors fail: (1) to identify an interest that they have in this case involving the sexual reassignment surgery of Plaintiff, who is an unrelated inmate; (2) to articulate how the disposition of the instant action may impair or impede their ability to protect their own interests specific to each individual's symptoms. (D.E. 174, p. 3).  According to the Intervention Defendants, the proposed intervenors failed to allege inadequate representation or provide factual support to overcome the presumption that Plaintiff can adequately represent their overall interests.

The undersigned agrees with the reasons set forth by the Intervention Defendants and finds that the potential intervenors should not be permitted to intervene as a matter of right.  Rather than assert an interest related to the transactions forming the basis of Plaintiff's action, the potential intervenors merely cite their own medical conditions and

symptoms which may form the basis of their own lawsuits.  The disposition of this action will not operate to impede any of the potential intervenors from protecting their own interests as it relates to their individual symptoms and treatment history.

If intervention is not mandatory, then it may be permissive.  Rule 24(b) provides that "[o]n timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact."  Accordingly, permissive intervention under Rule 24(b) "is wholly discretionary with the [district] court ... even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987).

With regard to permissive interventions under Rule 24(b), the Intervention Defendants contend that allowing intervention at this stage would unduly delay this case which has been pending since 2017.  (D.E. 174, p. 4).  According to these defendants, undue delay would occur because the applicable TDCJ policy (CMHC Policy G-51.11) calls for evaluation and individual treatment of each proposed intervenor on a case by case basis.  (D.E. 174, p. 4).   The Intervention Defendants further contend that allowing permissive intervention would make this litigation more complex and increase demand on state and judicial resources prematurely.  (D.E. 174, p. 5).

The undersigned agrees with the reasons articulated by the Intervention Defendants and finds that the Court should not allow permissive intervention by the potential intervenors.  Indeed, this case has been pending since early 2017.  Allowing additional plaintiffs in this case at this point would delay the disposition of Plaintiff's

claims and cause this action to become exponentially more complex given the nature of each potential intervenor's individual circumstances.

## III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the motions to intervene filed by offenders Vinson, Miller, and Seat (D.E. 141, 156, 164) be **DENIED**.

Respectfully submitted this 7th day of July, 2020.

Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).