United States District Court,
Southern District of Texas
Corpus Christi Division.

United States Courts
Southern District of Texas
FILED
JUL - 2 2020
David J. Bradley, Clerk of Court

Ms. Bobbie David Haverkamp
   Plaintiff

-vs-

Civil action 2:17-cv-18

Rodney Burrow, Preston Johnson Jr.,
John Burross, Erin Wyrick, Jeffery
Beeson, and Dee Budgewater
   Defendants

3rd object to 3

acting for the University directors
of mental health Services and
University regional or Senior medical
authorities for ~~treatment~~ plans and
hormone therapy ~~related~~ to GID

   Motion for Discourse
  on Doe Defendants and
  Question of law to court
  final objection to Docket 158

To the Honorable Judge of said Court,
     NOW Comes,
Ms. Bobbie AKA the Plaintiff and presents a Plaintiff's discourse on the
Doe Defendants and a question of Law to the Courts

Your Honor, Under Lindley, 750 F2d @ 799 a Plaintiff who is ignorant of the identity of a Defendant may name that person in a fictitious capacity as a 'Doe' Defendant. By filing suit against an Unknown Defendant and alleging that its true name is unknown the Plaintiff tolls the statute of limitation

The Plaintiff in Civil action 2:17-CV-18 was under Court direction of Mag. Judge Ellington to style the Civil action under John and Jane Doe due to no one could name who could provide relief to the Plaintiff in the UTMB medical organization

The CMHC members, the original court name Defendants, were put in the Civil action to represent and speak for the 'Doe's'

The original members were acting for the 'Doe's' and not as a member of the CMHC

In the FRCP 12 motion stage, the Doe's were well represented by the Defendants and well represented by counsel

After the FRCP 12 motion procedural issues over, only did the court named Defendants retire to other duties

We then enter the next stage of Court procedings called the <u>Answer</u>.

New members are brought into represent the Does in the Answer Stage

New members are not allowed to go back to the FRCP 12 stage, The Does had counsel and representation of the UTMB. There is no FRCP if that allows them to re-open the FRCP 12 stage, once its decided, the judgment is a decision on the case merits.

At no time were the workings of the CMHC ever considered

The Texas Attorney General put the Defendants in because they could provide relief, when he fail to do this — the Texas Attorney General has failed to provide the court with the proper Defendants to provide relief under the "Doe standard"

When we find out "who the Doe's Are", we are not permitted to go back, the reason is the "Does" were well represented at the "Procedural stage"

In the case on hand, the civil action is against UTMB, a medical organization that is able to find out who can give relief

Once the Plaintiff drop that complaint in the prison mailbox, the action was served on the Defendants UTMB the Doe's.

Texas Attorney General Attorney Corbello and Garcia know the names of the regional directors for TDCJ, UTMB is set up under the same guidlines

These Attorneys have their own reasons for not naming these people, but their secrecy is not going to hinder this civil action any further

Your Honor, the court should be aware of these regional directors in TDCJ and UTMB

The "Doe's" are these directors of UTMB so the Defendants cannot express "suprise."

Your Honor, like the Plaintiff said, I just recieved #158, had I recieved it on time perhaps the rebutted would of cleared things up.

The civil action is in the magistrate court and there's been no official action or signature to move it to district court.

The Question for the Court, Do we go with the Newmembers or do we want different representation for the Does?

This is the Plaintiff's final objection to Docket 158

Any tel-conference between the court and the Defendants Attorneys, the Plaintiff requests a transcript.

The Plaintiff was not invited, her little lambs feelings are injured and feels slighted

Have a productive Tel-confrence.

So Prays the Plaintiff

ms. Bobbie

P.S.
Your Honor, the Plaintiff would like to comment on the Defendants legal work in Docket 158

This was brillant work, real plain, type of work that is taught to first year law students

Perhaps in the future, Corbello-Garcia-Strawn will find a civil action to apply it too but not in Civil Action 2:17-CV-18.

Civil Action 2:17-CV-18 never sued a Governmental Committee such as the CMHC, it was the Texas Attorney Generals office that put Doctors from the CMHC committee to represent the UTMB Does as Actual Doctors, not as the CMHC.

The Defendants Attorneys by their own admission said the New Defendants could not be sued, so they cannot provide relief.
The responsibility of Corbello/Garcia is the provide Defendants of UTMB that can provide relief to the Court.

The Texas Attorney General- Corbello/Garcia said the new defendants cannot provide relief, therefore they just dismissed their own Docket 158.

Your Honor, what a tangle web Corbello, Garcia, Strawn wove trying to deceive the Mag. Court that the Plaintiff sued the CMHC.

It was interesting, but it just dont apply to the present civil action.

With the Greatest Respect
so prays the Plaintiff

Ms Bobbie
June 26, 2020

Certificate of Service

I, Ms Bobbie David Haverkamp drop this 3rd and last objection to Docket 158 in the prison mailbox to forward to the Clerk for

1). Please file with Court

2.) Mail a copy to   Texas Attorney General - Corbello
                    P.O. 12548
                    Austin, Texas. 78711-2548

3) Mail a copy to   Rights Behind Bars
                    Samuel Weiss
                    416 Florida Ave NW 26152
                    Washington, DC 20001

4) Mail a copy to   Ms Bobbie David Haverkamp
                    #702013
                    Stiles Unit
                    3060 FM 3514
                    Beaumont, Texas 77705

So swears the Plaintiff
   Ms Bobbie Haverkamp
   June 26, 2020