United States District Court
Southern District of Texas

**ENTERED**

September 23, 2020

David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

DAVID ALLEN HAVERKAMP; aka     §
HAVERKAMP,     §
    §
      Plaintiffs,     §
VS.     §     CIVIL NO. 2:17-CV-18
    §
JOSEPH  PENN, *et al*,     §
    §
      Defendants.     §

## ORDER

The Court is in receipt of the Magistrate Judge's Memorandum and Recommendation ("M&R"). Dkt. No. 201. The Court is also in receipt of Defendants' Objections to the M&R. Dkt. No. 207.

### I.  Background

Bobbie Lee Haverkamp (aka David Allen Haverkamp) ("Haverkamp") is incarcerated in Beaumont, Texas with the Texas Department of Criminal Justice ("TDCJ") and alleges a violation of her constitutional rights based on TDCJ's failure to provide adequate medical care for her gender dysphoria/gender identity disorder. Dkt. No. 62. Haverkamp's claims are based on an equal protection legal theory, and she seeks an injunction ordering Defendants to provide gender reassignment surgery and a declaratory judgment affirming her rights to necessary treatment and care. *Id.* On April 3, 2020 this Court denied Defendants' motion to dismiss. Dkt. No. 123. Defendants F. Parker Hudson ("Hudson"), Cynthia Jumper ("Jumper"), Philip Keiser ("Keiser") and Lannette Linthicum ("Linthicum") filed an interlocutory appeal from the denial of the motion to dismiss. Dkt. No. 144. The Fifth Circuit declined to stay the district court proceeding pending appeal on June 19, 2020. *David Haverkamp v. Joseph Penn, et al*, 20-40337, Document 00515459616.

Defendants Linthicum, Jumper, Hudson and Keiser move to stay this case pending appeal. Dkt. No. 152. Defendants Rodney Burrow ("Burrow"), Preston Johnson, Jr. ("Johnson"), John Burruss, ("Burruss"), Erin Wyrick ("Wyrick"), Jeffrey Beeson ("Beeson") and Dee Budgewater ("Budgewater") and Keiser have filed a motion to dismiss for lack of jurisdiction and failure to state a claim. Dkt. No. 158. Haverkamp has also filed a motion to dismiss defendants based on representations that certain defendants could not provide injunctive relief. Dkt. No. 195.

## II.  Recommendations and Objections

The Magistrate Judge recommends:

- Denying Defendants' motion to stay pending appeal because discovery has already been stayed and Defendants may renew their motion when discovery deadlines are set. Dkt. No. 201 at 19-20.

- Denying Defendants' motion to dismiss for lack of jurisdiction and failure to state a claim because:

    o Defendants have not provided a case-specific inquiry that demonstrates the inadequacy of Haverkamp's equal protection claim. *Id.* at 15.

    o It is unclear which Defendants can provide Haverkamp with her requested injunctive relief.  *Id.* at 11.

    o Haverkamp has stated an equal protection claim and the *Ex parte Young* exception to Eleventh Amendment immunity applies to her suit. *Id.* at 16.

- Denying Haverkamps's motion to dismiss Defendants because the Defendants have provided vague and conflicting assertions as to the identity of the proper defendants. *Id.* at 12.

Defendants object to the M&R on numerous grounds including:

1. The exercise of Article III jurisdiction is improper against some Defendants.

2. Members of the Correctional Managed Healthcare Committee ("CMHCC") do not have capacity to sue or be sued.

3. Plaintiff has not carried her burden to establish subject matter jurisdiction

4. The Defendants provide a case-specific analysis that shows Haverkamp fails to state an equal protection claim.

5. Deference should be given on equal protection based penological issues.

6. *The Ex parte Young* exception to Eleventh Amendment Immunity does not apply.

7. The Prison Litigation Reform Act ("PLRA") limits the Court's ability to fashion injunctive relief.

8. Plaintiff's contract claim should be dismissed for failure to state a claim.

9. A stay should be granted in this case.

### III.   Analysis

The Court reviews non-frivolous objections de novo and may accept, reject, or modify the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1)(C).

### a.  Objections 1, 2, 3

Defendants contend that members of the CMHCC have no authority to order or obtain funding for a particular treatment and even when it adopts a policy the CMHCC cannot compel the TDCJ to abide by it. Dkt. No. 207 at 2-3. Defendants argue therefore it is an improper exercise of Article III jurisdiction to hear Plaintiffs against defendants who cannot provide relief. Defendants' principal cases for this proposition are *Okpalobi v Foster*, 244 F.3d 405, 426-427 (5th Cir. 2001) (en banc) and *Summers v. Earth Island Ins.*, 555 U.S. 488, 493 (2009).

*Okpalobi* indicates a plaintiff should be able to state 1) how defendants play a causal role in plaintiff's injury and 2) how defendants can redress the injury. *Okpalobi*, 244 F.3d at 426-27. Similarly, *Summers* states it must be likely a favorable judicial decision will prevent or redress the injury. *Summers*, 555 U.S. at 493.

Here, the Magistrate Judge indicates she arrived at her decision to not dismiss defendants due to factual uncertainty about the roles and powers of specific members of the CMHCC, their causal role in Haverkamp's alleged injury and whether they can redress that injury. Dkt. No. 201 at 12. The Magistrate Judge

stated that Haverkamp plausibly alleged how CMHCC members may directly impact her treatment plan, and instead of clarifying the issue Defendants "provided vague and sometimes conflicting guidance as to the identity of the proper defendants." Dkt. No. 201 at 12-13. The Magistrate Judge does not conclude the CMHCC can sue and be sued but instead concludes that she "is reluctant at this time to recommend dismissal of any defendants named as CMHCC defendants, as these individuals play a role in determining treatment policy and may or may not otherwise be employed with the UTMB or any other medical division servicing the TDCJ." Dkt. No. 201 at 12-13.

Contrary to *Okpalobi*, where the Governor was obviously powerless to redress injuries under a new law, Defendants have not shown they have no causal role or power to redress Haverkamp's alleged harm. *See Okpalobi*, 244 F.3d 426. The Magistrate Judge identified plausible allegations of causation and redressability and then determined there was an unclear factual issue inappropriate for resolution at this stage of the litigation. Dkt. No. 201 at 12-13; *See Okpalobi*, 244 F.3d at 426; *Summers*, 555 U.S. at 493. Accordingly, the Court **OVERRULES** objections 1, 2, and 3.

### b. Objections 4, 5, 6

Defendants argue Haverkamp has failed to state an equal protection claim. This Court previously ruled that Haverkamp previously stated a plausible equal protection claim upon which relief could be granted and the Court will not revisit its prior decision. Dkt. No 123; *see Coliseum Square Ass'n, Inc. v. Jackson*, 465 F.3d 215, 246 (5th Cir. 2006) (stating the law of the case doctrine and a court's general refusal to reopen what has been decided). When the Court held Haverkamp stated a plausible equal protection claim, it also identified the elements she alleged that met the *Ex Parte Young* exception to Eleventh Amendment immunity: 1) she stated a valid claim for violation of federal law against a state official responsible for enforcing the law at issue; 2) she seeks only prospective injunctive relief; and 3) the allegations address a continuing violation of federal law in the denial of medical treatment for an ongoing condition. *See* Dkt. No. 123; *Seminole Tribe of Florida v.*

*Florida,* 517 U.S. 44, 73 (1996) Accordingly, the Court **OVERRULES** objections 4, 5, and 6.

### c. Objection 7

Defendants contend that Haverkamp seeks a remedy beyond the scope of the PLRA. Dkt. No. 207 at 12. Defendants invite the Court to review facts about the frequency of sexual reassignment surgery in TDCJ, the effects of sexual reassignment surgery on "public safety and the criminal justice system." Dkt. No. 207 at 12-13. Defendants object because the Magistrate Judge did not convert the motion to a summary judgment motion or attempt to look behind the pleadings. *Id.* The Court finds no error in failing to perform a discretionary conversion of a 12(b) motion into a summary judgment motion. The Court **OVERRULES** objection 7.

### d. Objection 8

Defendants object that the M&R did not recommend dismissal of Haverkamp's state law contract claim on the grounds that she fails to identify a contract. Dkt. No. 207 at 14. Defendants claim in a single paragraph that CMHC Policy G-51.11 is a policy which "is not a contract with TDCJ inmates" but provide no other support for this conclusion. Dkt. No. 207 at 13-14. Haverkamp's amended complaint effectively argues both contractual breach and detrimental reliance. Dkt. No. 62 at 27. Defendants cite no law or fact that demonstrates Haverkamp has failed to state a claim upon which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court **OVERRULES** objection 8.

### e. Objection 9

Defendants object that the M&R did not recommend a stay. Dkt. No. 207 at 14-15. Defendants state discovery will be burdensome but cite no case supporting their objection. *Id.* The Magistrate Judge recommended denial without prejudice to renew the motion to stay. The Court finds no error in the M&R regarding the stay and **OVERRULES** objection 9.

### IV.   Conclusion

After review of the law, briefs and relevant filings the Court **ADOPTS** the M&R in its entirety, Dkt. No. 201, and **OVERRULES** Defendants' objections, Dkt. No. 207. The Court hereby:

- **DENIES** Defendants' Motion to Dismiss, Dkt. No. 158.
- **DENIES** Defendants' Motion to Stay, Dkt. No. 152.
- **DENIES** Plaintiffs Motion to Dismiss Defendants, Dkt. No. 195.

SIGNED this 23rd day of September, 2020.

_____

Hilda Tagle
Senior United States District Judge