# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **DAVID HAVERKAMP,** | § | |
| **TDCJ NO. 00702013,** | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 2:17-CV-00018** |
| **v.** | § | |
| | § | **Jury Demand** |
| **JOSEPH PENN,** *et al.*, | § | |
| **Defendants,** | § | |

---

### DEFENDANTS' JOINT ADVISORY

Defendants Dr. Robert Greenberg, Preston Johnson, Jr., John Burruss, Erin Wyrick, Jeffrey Beeson, Dee Budgewater, Dr. Cynthia Jumper, F. Parker Hudson, Dr. Lannette Linthicum, jointly with Dr. Philip Keiser, file this advisory following the issuance of the Court's show cause order. Dkt. No. 222.

### Background

Haverkamp has brought suit against members of the Correctional Managed Health Care Committee ("CMHCC") under 42 U.S.C. § 1983 and the Equal Protection Clause claiming he is entitled to injunctive relief in the form of sexual reassignment surgery. Dkt. No. 62. On June 13, 2019, Defendants Linthicum, Murray,[1] Jumper, Hudson, Penn,[2] Mills[3] and Raimer[4] filed their Motion to Dismiss raising, among other arguments, the defense of sovereign immunity. Dkt. No. 90. This Court denied Defendants' Motion on April 2, 2020. Dkt. No. 123. On May 4, 2020,

---

[1] Dr. Owen Murray has since been dismissed from this suit. Dkt. No. 128
[2] Dr. Joseph Penn (UTMB) has since been dismissed from this suit. Dkt. No. 154.
[3] Mills has since been replaced in this suit by Jeffrey Beeson. Dkt. No. 128.
[4] Raimer has since been replaced in this suit by Philip Keiser. Dkt. No. 128.

Defendants Dr. Linthicum, Dr. Jumper, Dr. Hudson and Dr. Keiser filed their notice of appeal on the basis of being denied sovereign immunity. Dkt. No. 144.

Thereafter, CMHCC Defendants Dr. Greenberg, Johnson, Wyrick, Dr. Beeson and Budgewater filed a motion to dismiss on the basis of Article III standing and sovereign immunity. Dkt. No. 158. This Court also denied these defendants sovereign immunity on September 23, 2020. Dkt. No. 212. The Court ordered all defendants to answer Haverkamp's complaint on October 7, 2020. Dkt. No. 214. However, on October 8, 2020, the only CMHCC Defendants remaining in the district court filed a notice of appeal of their denial of sovereign immunity. Dkt. No. 216.

## Advisory

Denials of motions to dismiss on sovereign immunity grounds fall within the collateral order doctrine, and are thus immediately appealable. *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 411–12 (5th Cir.2004) (citing *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-45 (1993)). "Because sovereign immunity protects states from suit, *Puerto Rico Aqueduct*, 506 U.S. at 144–45, orders denying dismissal on the basis of sovereign immunity are immediately appealable regardless of the district court's reasons for its decision." *Tex. v. Caremark, Inc.*, 584 F.3d 655, 658 (5th Cir. 2009).

"The filing of a notice of appeal is an event of *jurisdictional significance*—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400 (1982) (emphasis added) (citing *United States v. Hitchmon*, 587 F.2d 1357, 1359 (5th Cir. 1979)); *see also Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, Inc.*, 895 F.2d 711, 713 (1990). Indeed, when the notice of appeal is timely filed, the appeal is perfected and deemed

pending before the court of appeals. *See* Fed. R. App. P. 3(a)(1) (requiring the filing of a notice of appeal alone for an appeal to be "taken" to the appellate court); *Hitchmon*, 587 F.2d at 1359; *United States v. Clark*, 917 F.2d 177, 179 (5th Cir. 1990). The district court retains only the power, in limited circumstances, to act in aid of the appeal. *See Covered Bridge*, 895 F.2d at 713 (stating that the court may correct clerical errors or aid in the execution of a judgment as a means of acting "in aid of the appeal").

Defendants have not answered Haverkamp's complaint because the filing of the Notice of Appeal on behalf of the CMHCC divested this Court of jurisdiction over the balance of this case pending resolution in the Fifth Circuit. With that filing, all of the Defendants have now appealed.

*Tex. v. Caremark, Inc.*, 584 F.3d 655 (5th Cir. 2009) is instructive. There, the Fifth Circuit made clear that it maintains exclusive jurisdiction over a suit where sovereign immunity is at issue. For this Court to simultaneously exercise jurisdiction would be to defy "the very object and purpose of sovereign immunity . . . to protect the state from the 'coercive process of judicial tribunals at the instance of private parties.'" *Id*. at 658. Thus, according to the Court, if this Court were to continue to exercise jurisdiction over suit as appeal was pending, "the value of sovereign immunity [would be] 'for the most part lost as litigation proceeds past motion practice[.]'" *Id*. "[T]he sovereign immunity question **must be decided before further litigation proceeds**; otherwise, the object and purpose of sovereign immunity—to shield the states from the burden of suits to which they have not consented—is violated." *Id.* (citing *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 760 (2002))[5].

---

[5] That rationale is particularly evident here, where Plaintiff's 31-page Amended Complaint asserts 13 different "Legal Claims" against 10 separate Defendants in over 125 unnumbered paragraphs. Dkt. No. 62.

Defendants' appeal presents a critically important question that has not been resolved by the Fifth Circuit: whether, and if so to what extent, *Ex parte Young*'s exception to sovereign immunity permits an Equal Protection Clause lawsuit for the denial of sexual reassignment surgery – already found permissible under the Eighth Amendment - against members of a non-jural entity that participate in the formulation of medical policy. As this Court denied Defendants sovereign immunity on this basis, this Court is divested of jurisdiction over this suit until the appeal is resolved. Requiring Defendants to proceed in the lititgation at the district court while appeal is pending would effectively deprive them of their sovereign immunity defense.

Finally, the timing of the Court's order to answer in relation to the remaining CMHCC defendants filing of their notice of appeal does not affect the question of where jurisdiction lies. *Wooten v. Roach*, 964 F.3d 395, 403 (5th Cir. 2020). "[A]n appeal of a judgment determining the entire action divests the district court of jurisdiction, while that appeal is pending, over any further matters for that action, 'except in aid of the appeal or to correct clerical errors.'" *United States v. Pena*, 713 Fed. Appx. 271, 272–73 (5th Cir. 2017) (quoting *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir. 1984). Thus, the inquiry is not when a court's order issued relative to an appeal but what aspects of the case have been brought up on appeal. Where, as here, all aspects of the case are on appeal, this Court lacks jurisdiction to issue orders against or accept filings of the Defendants. *Wooten*, 964 F.3d at 403.

Respectfully, Defendants believe that the controlling authority vests jurisdiction solely with the Fifth Circuit while an appeal of sovereign immunity is pending. Should this Court's reading of the authority deviate from Defendants, Defendants will act promptly upon any future orders issued.

**Dated:** December 4, 2020.

Respectfully Submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief
Law Enforcement Defense Division

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General
Texas State Bar No. 24097533
Southern District ID No. 3089117
courtney.corbello@oag.texas.gov
**ATTORNEY FOR DEFENDANTS DR. JUMPER,
JOHNSON, BURRUSS, WYRICK, DR. BEESON AND
BUDGEWATER**

*/s/ Bruce Garcia*
Bruce Garcia
Assistant Attorney General
Texas State Bar No. 07631060
Southern District ID No. 18934
Bruce.Garcia@oag.texas.gov
**ATTORNEY FOR DR. LINTHICUM**

**OFFICE OF THE ATTORNEY GENERAL**
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9410 (Fax)

/s/ John Strawn
John R. Strawn, Jr., #19374100
STRAWN PICKENS L.L.P.
Pennzoil Place, South Tower
711 Louisiana, Suite 1850
Houston, Texas 77002
(713) 659-9600
(713) 659-9601 Fax
jstrawn@strawnpickens.com
**ATTORNEY FOR DR. KEISER**

## NOTICE OF ELECTRONIC FILING

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Southern District of Texas, on December 4, 2020.

/s/ Courtney Corbello
**COURTNEY CORBELLO**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and forgoing has been served via U.S.P.S., postage prepaid, certified mail, return receipt requested, on December 4, 2020 addressed to:

David Alan Haverkamp       *CM/RRR NO.  7019 1120 0000 5725 2886*
a/k/a Bobbie Lee Haverkamp, #702013
Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

/s/ Courtney Corbello
**COURTNEY CORBELLO**
Assistant Attorney General