Case 2:17-cv-00018   Document 224   Filed on 12/09/20 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
December 09, 2020
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| DAVID ALLEN HAVERKAMP; aka HAVERKAMP, § § § | |
| Plaintiffs, § | |
| VS. § | CIVIL NO. 2:17-CV-18 |
| § | |
| JOSEPH PENN, *et al*, § § | |
| Defendants. § | |

## **ORDER**

The Court is in receipt of the Defendants' Joint Advisory in response to this Court's show cause order. Dkt. No. 223.

Magistrate Judge Hampton set a deadline of May 18, 2020 for Defendants to answer Plaintiff Bobbie Lee Haverkamp's (aka David Allen Haverkamp) ("Haverkamp") complaint. Dkt. No. 128. On September 23, 2020, this Court denied Defendants' motion to stay the case, noting that the Fifth Circuit has also declined to stay these proceedings pending appeal. Dkt. No. 212. On October 7, 2020, noting that Defendants had still not answered, Magistrate Judge Hampton ordered a deadline of November 6, 2020 for Defendants to answer. Dkt. No. 214. Defendants failed to answer or provide any response to the Court's order, and this Court ordered Defendants to show cause by December 4, 2020 as to why they have not complied with the Court's order. Dkt. No. 223. The Court warned the parties of sanctions which can be imposed for ignoring Court orders. *See id.*

The Defendants filed a "Joint Advisory" informing the Court of Defendants' position as to why they believe they do not have to answer. *See* Dkt. No. 223.

"Defendants have not answered Haverkamp's complaint because the filing of the Notice of Appeal on behalf of the CMHCC divested this Court of jurisdiction over the balance of this case pending resolution in the Fifth Circuit." *Id.* Defendants further argue "[a]s this Court denied Defendants sovereign immunity on this basis, this Court is divested of jurisdiction over this suit until the appeal is resolved. Requiring Defendants to proceed in the lititgation [sic] at the district court while appeal is pending would effectively deprive them of their sovereign immunity defense." *Id.* Defendants conclude by stating that "Should this Court's reading of the authority deviate from Defendants, Defendants will act promptly upon any future orders issued." *Id.*

Before turning to the legal questions Defendants raise, the Court addresses Defendant's failure to respond to a Court order.

This Court has inherent power to manage its docket and the conduct before the Court. *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993). "The inherent powers of the federal courts are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.*; *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962). In service of that power, the Court may issue sanctions for refusal to obey Court orders or bad faith conduct. *Batson*, 765 F.2d at 515; *Resolution Tr. Corp. v. Bright*, 6 F.3d 336, 340 (5th Cir. 1993); *United States v. Seltzer*, 227 F.3d 36, 41 (2d Cir. 2000); *Big Top USA, Inc. v. Wittern Grp.*, 183 F.R.D. 331, 340 (D. Mass. 1998). Such sanctions should be exercised with restraint and discretion. *Nat. Gas Pipeline Co. of Am.*, 2 F.3d at 1409.

Even when Defense counsel disagrees with a Court order, they are obliged to respond to the Court and do so with candor, diligence, and respect. *See Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985); U.S. Dist. Ct. Rules S.D. Tex., Rule B, Appendix D. Before the Court's deadline, a party can raise arguments as to why the Court order is inappropriate or move the Court to reconsider a decision. *See Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002). The Court can then revise its order or deadline or ask for additional briefing on the

arguments raised. *See Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 726 (5th Cir. 2012). The Court can take none of these steps if a party ignores a Court order and refuses to respond.

Here, instead of taking responsibility for missing a deadline, Defendants respond to the show cause order by claiming they did not file an answer because they do not believe they have to answer while they appeal. *See* Dkt. No. 223. The Court cannot achieve the orderly and expeditious resolution of this case if counsel ignores court orders. *See Link*, 370 U.S. at 631. Simply, the Court will not ask twice, and counsel must respond. Counsel is warned that future conduct willfully ignoring court orders will be met with sanctions.

Turning to the legal question, Defendants' argument raised in their "Advisory" has already been resolved at an earlier stage of this litigation. Defendants moved for a stay in this case based on lack of jurisdiction on May 11, 2020. Dkt. No. 152. This Court denied the stay on September 23, 2020. Dkt. No. 212. In its order, the Court addressed all nine of Defendants' objections to the Memorandum and Recommendation which recommended denying a stay. *Id.*[1] Additionally, in the appeal before the Fifth Circuit Appellants/Defendants moved for a stay pending appeal based on the same argument on June 2, 2020. The Fifth Circuit declined to grant the motion for a stay on June 19, 2020.[2]

Accordingly, the Court will not reconsider its decision regarding staying this case pending appeal. *Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011)( "The law-of-the-case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in

---

[1] The Magistrate Judge did not recommend denying dismissal based on sovereign immunity, but instead declined to resolve the issue because Defendants "provided vague and sometimes conflicting guidance as to the identity of the proper defendants." This Court adopted that recommendation. Dkt. No. 212.

[2] "This case comes to our screening panel presenting substantial questions of the applicability of Ex parte Young and this Court's jurisdiction. Exercising our authority to preserve the status quo pending determination of jurisdiction, we decline to stay the district court proceedings and carry the jurisdictional questions with the case." *Haverkamp v. Penn*, No. 20-40337 Document: 00515459616 (5th Cir. June 19, 2020).

the same case.'"). The Court **ORDERS** that Defendants file an answer in this case by no later than **December 14, 2020**.

    SIGNED this 9th day of December, 2020.

_____
Hilda Tagle
Senior United States District Judge