IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **DAVID HAVERKAMP,** § | | |
| **TDCJ NO. 00702013,** § | | |
| Plaintiff, § | | |
| § | **Civil Action No. 2:17-CV-00018** | |
| v. § | | |
| § | **Jury Demand** | |
| **JOSEPH PENN,** *et al.***,** § | | |
| Defendants, § | | |

### CMHCC Defendants' Original Answer

Defendants Dr. Robert Greenberg, Preston Johnson, Jr., Dr. John Burruss, Erin Wyrick, Dr. Jeffrey Beeson, Dee Budgewater, Dr. Cynthia Jumper, and Dr. F. Parker Hudson, in their official capacities as members of the Correctional Managed Health Care Committee ("CMHCC"), file their original answer to Plaintiff Haveramp's First Amended Complaint (Dkt. No. 62). CMHCC Defendants file this answer subject to their objections that this Court lacks jurisdiction to hear the claims against them and that the putative First Amended Complaint is a nullity. This answer is filed with full reservation of rights to seek all necessary relief to prevent CMHCC Defendants from being subject to the burdens of ongoing litigation while their appeal is pending. However, considering the Court's recent warning that CMHCC Defendants could be subject to sanctions if they fail to respond to Plaintiff's putative First Amended Complaint, this answer is filed as a protective matter.

### Background

Plaintiff David Haverkamp, TDCJ #00702013, proceeding *pro se* and *in forma pauperis*, alleges CMHCC Defendants, violated his rights under the Eighth Amendment pursuant to 42

U.S.C.A. § 1983. Dkt. No. 62. Generally, Haverkamp alleges that CMHCC Defendants violate his rights under the Equal Protection clause in connection with his treatment for gender dysphoria and his desire to obtain gender reassignment surgery while incarcerated. *Id.*

## Answer

Pursuant to Federal Rule of Civil Procedure 8(b), CMHCC Defendants deny each and every allegation contained in Haverkamp's amended complaint except those expressly admitted herein. Because Haverkamp's amended complaint does not contain numbered paragraphs, CMHCC Defendants will answer Haverkamp's amended complaint by ECF pagination and section.

1. **Dkt. No. 62 at 6:** CMHCC Defendants admit that Haverkamp has brought this claim for pursuant to 42 U.S.C. § 1983 but deny Haverkamp is entitled to any relief demanded under this statute.

2. **Dkt. 62 at 7 – "Jurisdiction":** CMHCC Defendants admit venue is proper. CMHCC Defendants deny this Court has jurisdiction over this suit because *Ex Parte Young* is inapplicable, CMHCC Defendants are entitled to sovereign immunity and Haverkamp lacks Article III standing to sue CMHCC Defendants.

3. **Dkt. 62 at 7 – "Parties":** CMHCC Defendants admit the Court has, at the time of this filing, allowed Haverkamp to proceed in this suit against John and Jane Doe defendants. CMHCC defendants deny the remaning claims contained in this section.

4. **Dkt. 62 at 7 – "Nature of Action":** CMHCC Defendants admit that Haverkamp has sought injunctive relief under 42 U.S.C. § 1983 and a breach of contract claim under Texas

state law. CMHCC Defendants deny that Haverkamp is entitled to any relief in this suit on the basis of either claim. CMHCC Defendants deny the remaining claims in this section.

5. **Dkt. No. 62 at 8 – "August 23, 2017 Hearing"**: Admit.

6. **Dkt. No. 62 at 8 – "The Relief I Request":** CMHCC Defendants admit Haverkamp has brought this claim under the Equal Protection Clause seeking relief in the form of an order that the State of Texas provide him with gender reassignment surgery. CMHCC Defendants have not, nor have they ever, provided medical treatment to Haverkamp. Given this, CMHCC Defendants lack the personal knowledge to admit or deny any of Haverkamp's allegations pertaining to (1) treatment provided, prescribed, discussed or recommended by Dr. Meyer; (2) treatment provided, prescribed, discussed or recommended by Nurse Hicks; (3) treatment requests made by Haverkamp to his medical providers; or (4) whether Haverkamp is medically qualified to receive sexual reassignment surgery. To the extent CMHCC Defendants are required to admit or deny these allegations: deny. CMHCC Defendants deny Haverkamp is entitled to any of the relief he requests in this section. CMHCC Defendants deny the remaining claims in this section.

7. **Dkt. No. 62 at 12 – "Factual Background":** CMHCC Defendants admit Haverkamp filed Civil Action 2:17-cv-18 on January 13, 2017. CMHCC Defendants admit that Haverkamp was instructed to file an amended complaint on August 23, 2017 detailing the relief requested and legal claims asserted. CMHCC Defendants have not, nor have they ever, provided medical treatment to Plaintiff Haverkamp. CMHCC Defendants are not TDCJ employees nor are they responsible for the provision of commissary items to TDCJ inmates. Given this, CMHCC Defendants lack the personal knowledge to admit or deny

any of Haverkamp's allegations pertaining to (1) actions taken or treatment provided, prescribed, discussed or recommended by Dr. Philip Farley; (2) actions taken or treatment provided, prescribed, discussed or recommended by Dr. Meyer; (3) actions taken or treatment provided, prescribed, discussed or recommended by Nurse Hicks; (4) actions taken or treatment provided, prescribed, discussed or recommended by "Texas Tech Subcontracting;" (5) the "female" items or TDCJ passes that were or were not provided to Haverkamp; (6) treatment requests made by Haverkamp to his medical providers; or (7) whether Haverkamp is medically qualified to receive sexual reassignment surgery. CMHCC Defendants deny the remaining claims in this section. To the extent CMHCC Defendants are required to admit or deny these allegations: deny. CMHCC Defendants deny the remaining claims in this section.

8. **Dkt. No. 62 at 15 – "Legal Claim One":** CMHCC Defendants have not, nor have they ever, provided medical treatment to Plaintiff Haverkamp. CMHCC Defendants are not TDCJ employees or responsible for TDCJ operations concerning TDCJ inmates. Given this, CMHCC Defendants lack the personal knowledge to admit or deny any of Haverkamp's allegations pertaining to (1) the proper medication Haverkamp is or should receive to treat gender dysphoria; (2) the method in which he was required to obtain his prescription medication while incarcerated in TDCJ; (3) the treatment provided to "non transgender women" in TDCJ; (4) what medications within TDCJ are designated as "Keep On Person;" or (5) the circumstances that required Haverkamp to be prescribed "hormone shots." To the extent CMHCC Defendants are required to admit or deny these

allegations: deny. CMHCC Defendants deny the remaining claims in this section. CMHCC Defendants deny that Haverkamp has stated a claim under the Equal Protection Clause.

9. **Dkt. No. 62 at 17 – "Legal Claim Two":** CMHCC Defendants have not, nor have they ever, provided medical treatment to Plaintiff Haverkamp. Given this, CMHCC Defendants lack the personal knowledge to admit or deny any of Haverkamp's allegations pertaining to (1) actions taken or treatment provided, prescribed, discussed or recommended by Dr. Meyer; (2) actions taken or treatment provided, prescribed, discussed or recommended by Dr. Kwanto. CMHCC Defendants deny that this Court has jurisdiction to determine the standard of care for gender dysphoria as any decision on this issue is foreclosed by *Gibson v. Collier*, 920 F.3d 212 (5th Cir. 2019), cert. denied, 140 S. Ct. 653, 205 L. Ed. 2d 384 (2019). To the extent CMHCC Defendants are required to admit or deny these allegations: deny. CMHCC Defendants deny the remaining claims in this section. CMHCC Defendants deny that the allegations Haverkamp alleges in this section state a claim under the Equal Protection Clause.

10. **Dkt. No. 62 at 18 – "Legal Claim Three":** CMHCC Defendants have never treated or interacted in any way with Haverkamp and, therefore, CMHCC Defendants deny all allegations made by Haverkamp in this section that suggest the CMHCC Defendants have, or know of a third party who has, denied, failed to prescribe or withheld any treatment from Haverkamp for gender dysphoria. CMHCC Defendants further deny Haverkamp's allegation that they have discriminated against him. CMHCC Defendants deny they have withheld TDCJ commissary items from Haverkamp. CMHCC Defendants deny that the allegations Haverkamp makes in this section state a claim under the Equal Protection

Clause. CMHCC Defendants lack the personal knowledge to admit or deny the remaining allegations found in this section; to the extent CMHCC Defendants are required to admit or deny these allegations: deny.

11. **Dkt. No. 62 at 21 – "Legal Claim Four"**: CMHCC Defendants have never treated or interacted in any way with Haverkamp and, therefore, CMHCC Defendants deny all allegations made by Haverkamp in this section that suggest the CMHCC Defendants have denied, failed to prescribe or withheld any treatment from Haverkamp for gender dysphoria. CMHCC Defendants further deny Haverkamp's allegation that they have discriminated against him. CMHCC Defendants deny they have withheld TDCJ commissary items from Haverkamp. CMHCC Defendants deny that the allegations Haverkamp makes in this section state a claim under the Equal Protection Clause. CMHCC Defendants lack the personal knowledge to admit or deny the remaining allegations found in this section; to the extent CMHCC Defendants are required to admit or deny these allegations: deny.

12. **Dkt. No. 62 at 22 – "Legal Claim Five"**: CMHCC Defendants admit that CMHC Policy G-51.11 is the policy for the treatment of inmates with gender dysphoria in TDCJ. CMHCC Defendants deny they are paid medical contractors to the State of Texas. CMHCC Defendants have not, nor have they ever, provided medical treatment to Plaintiff Haverkamp. CMHCC Defendants are not TDCJ employees nor have any control or authority over TDCJ inmates. Given this, CMHCC Defendants lack the personal knowledge to admit or deny any of Haverkamp's allegations pertaining to (1) actions taken or treatment provided, prescribed, discussed or recommended by Dr. Meyer; (2) actions

taken or treatment provided, prescribed, discussed or recommended by Nurse Hicks; or (3) treatment needed or prescribed to Haverkamp to treat gender dysphoria. To the extent CMHCC Defendants are required to admit or deny these allegations: deny. CMHCC Defendants lack the personal knowledge to admit or deny the remaining allegations found in this section; to the extent CMHCC Defendants are required to admit or deny these allegations: deny. CMHCC Defendants deny that the allegations Haverkamp makes in this section state a claim under the Equal Protection Clause.

13. **Dkt. No. 62 at 25 – "Legal Claim Six"**: CMHCC Defendants admit that CMHC Policy G-51.11 is the policy for the treatment of inmates with gender dysphoria in TDCJ, however, CMHCC Defendants deny CMHC Policy G-51.11 authorizes sexual reassignment surgery to cisgender women but not transgender women. CMHCC Defendants deny they have provided, or refused, medical treatment to Haverkamp. CMHCC Defendants deny that the allegations Haverkamp makes in this section state a claim under the Equal Protection Clause.

14. **Dkt. No. 62 at 26 – "Legal Claim Seven"**: CMHCC Defendants admit that CMHC Policy G-51.11 is the policy for the treatment of inmates with gender dysphoria in TDCJ, however, CMHCC Defendants deny CMHC Policy G-51.11 authorizes sexual reassignment surgery to "non-transgender" women but not transgender women. CMHCC Defendants deny that CMHC Policy G-51.11 operates as a contract between TDCJ inmates and CMHCC Defendants. CMHCC Defendants have not, nor have they ever, provided medical treatment to Plaintiff Haverkamp. Given this, CMHCC Defendants lack the personal knowledge to admit or deny any of Haverkamp's allegations pertaining to (1)

actions taken or treatment provided, prescribed, discussed or recommended by Dr. Meyer; (2) actions taken or treatment provided, prescribed, discussed or recommended by Nurse Hicks; (3) actions taken or treatment provided, prescribed, discussed or recommended by "Ms. Alexander;" (4) treatment requests made by Haverkamp to his medical providers; or (5) whether Haverkamp is medically qualified to receive sexual reassignment surgery. To the extent CMHCC Defendants are required to admit or deny these allegations: deny.

15. **Dkt. No. 62 at 29 – "Legal Claim Eight"**: CMHCC Defendants have not, nor have they ever, provided medical treatment to Plaintiff Haverkamp. CMHCC Defendants are not employees of TDCJ nor do they work at the TDCJ McConnell Unit. Given this, CMHCC Defendants lack the personal knowledge to admit or deny any of Haverkamp's allegations pertaining to (1) actions taken or treatment provided, prescribed, discussed or recommended by "psychotherapists" to TDCJ inmates; (2) Haverkamp's access to psychotherapist treatment at the TDCJ McConnell Unit; (3) Haverkamp's access to "unit level" psychiatric medical staff; (4) "Non-transgender women's" access to mental health care; or (5) the mental health treatment Haverkamp has received or asserts he should receive. To the extent CMHCC Defendants are required to admit or deny these allegations: deny. CMHCC Defendants admit Haverkamp has brought a claim of an Equal Protection right to mental health counseling for gender dysphoria but denies Haverkamp has stated facts sufficient to support such a claim.

16. **Dkt. No. 62 at 31 – "Legal Claim Nine"**: CMHCC Defendants have not, nor have they ever, provided medical treatment to Plaintiff Haverkamp. CMHCC Defendants are not employees of TDCJ nor do they work at the TDCJ McConnell Unit. Given this, CMHCC

Defendants lack the personal knowledge to admit or deny Haverkamp's allegations in this section regarding the denial of his access to "educational materials," and therefore deny these allegations. To the extent CMHCC Defendants are required to admit or deny these allegations: deny. CMHCC Defendants lack the personal knowledge to admit or deny the remaining allegations found in this section; to the extent CMHCC Defendants are required to admit or deny these allegations: deny. CMHCC Defendants deny that the allegations Haverkamp makes in this section state a claim under the Equal Protection Clause.

17. **Dkt. No. 62 at 32 – "Legal Claim Ten"**: CMHCC Defendants admit that CMHC Policy G-51.11 is the policy for the treatment of inmates with gender dysphoria in TDCJ, however, CMHCC Defendants deny CMHC Policy G-51.11 authorizes sexual reassignment surgery to "non-transgender" women but not transgender women. CMHCC Defendants are not employees of TDCJ nor do they work at the TDCJ McConnell Unit. Given this, CMHCC Defendants lack the personal knowledge to admit or deny Haverkamp's allegations in this section regarding TDCJ or TDCJ personnel. To the extent CMHCC Defendants are required to admit or deny these allegations: deny. CMHCC Defendants deny the remaining allegations found in this section. CMHCC Defendants deny that the allegations Haverkamp makes in this section state a claim under the Equal Protection Clause.

18. **Dkt. No. 62 at 34 – "Legal Claim Eleven"**: CMHCC Defendants are not treating physicians within the TDCJ correctional facilites and, therefore, lack the personal knowledge to admit or deny Haverkamp's allegations in this section. To the extent CMHCC Defendants are required to admit or deny these allegations: deny. CMHCC

Defendants deny that the allegations Haverkamp makes in this section state a claim under the Equal Protection Clause.

19. **Dkt. No. 62 at 35 – "Legal Claim Twelve"**: CMHCC Defendants are not treating physicians capable of providing medical referrals within the TDCJ correctional facilites and, therefore, lack the personal knowledge to admit or deny Haverkamp's allegations in this section. To the extent CMHCC Defendants are required to admit or deny these allegations: deny. CMHCC Defendants deny that the allegations Haverkamp makes in this section state a claim under the Equal Protection Clause.

20. **Dkt. No. 62 at 36 – "Legal Claim Thirteen"**: CMHCC Defendants have not, nor have they ever, provided medical treatment to Plaintiff Haverkamp. CMHCC Defendants are not employees of TDCJ nor do they work at the TDCJ McConnell Unit. Given this, CMHCC Defendants lack the personal knowledge to admit or deny Haverkamp's allegations in this section. To the extent CMHCC Defendants are required to admit or deny these allegations: deny. CMHCC Defendants deny that the allegations Haverkamp makes in this section state a claim under the Equal Protection Clause.

## Affirmative and General Defenses

21. CMHCC Defendants assert Haverkamp has failed to state a claim under 42 U.S.C. § 1983.

22. CMHCC Defendants assert that any claim premised upon the law of negligence will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

23. CMHCC Defendants, in their official capacities as members of the CMHCC, deny they are a jural entity capable of suing or being sued.

24. CMHCC Defendants deny that Haverkamp was deprived of any right, privilege, or

immunity granted or secured by the Constitution and laws of the United States.

25. CMHCC Defendants assert that any claim premised upon a disagreement with medical treatment will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

26. CMHCC Defendants assert the Court lacks supplemental jurisdiction over Haverkamp's state law claim.

27. CMHCC Defendants assert that Plaintiff has failed to state a claim that amounts to a violation of Plaintiff's Fourteenth Amendment rights.

28. CMHCC Defendants deny that any actions attributable to them in their official capacities were motivated by any discriminatory intent of any kind.

29. CMHCC Defendants assert that the Eighth Amendment is the exclusive constitutional claim for suits brought by inmates claiming that they are not receiveing medical treatment they require and, because this claim has already been adjudicated, this suit is barred by *Gibson v. Collier*, 920 F.3d 212 (5th Cir. 2019), cert. denied, 140 S. Ct. 653 (2019).

30. CMHCC Defendants assert that any actions attributable to them in their official capacities was taken for valid and legitimate, non-discriminatory reasons in the context of medical standards of care.

31. CMHCC Defendants assert Plaintiff has failed to mitigate his damages.

32. CMHCC Defendants assert that the Eleventh Amendment to the United States Constitution bars relief under Plaintiff's selected statutes because the *Ex parte Young* exception is inapplicable to the claims raised in this case, and Plaintiff has failed to point to any other valid theory excusing the jurisdictional bar created by the Eleventh Amendment.

33. CMHCC Defendants invoke all limitations, defenses, and exclusions set forth in the Prison Litigation Reform Act and any other applicable statutes

34. CMHCC Defendants assert the defenses of res judicata, statute of limitations, laches, estoppel, waiver, and lack of jurisdiction to Plaintiff's claims in this lawsuit

35. CMHCC Defendants assert that Plaintiff has brought his suit without first exhausting his administrative remedies. *See* 42 U.S.C. § 1997e(a).

36. CMHCC Defendants assert their right to raise additional defenses that become apparent throughout the factual development of the case.

37. CMHCC Defendants deny Plaintiff is entitled to injunctive, declaratory, or any other relief demanded in the Amended Complaint and further deny that Plaintiff is entitled to attorneys' fees or costs in any amount whatsoever.

38. Pursuant to 42 USC § 1988, CMHCC Defendants will be entitled to recover their attorneys' fees if they are the prevailing parties.

39. CMHCC Defendants specifically plead all affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure which are applicable to this case and any and all other affirmative defenses and qualified and good faith immunities, all of which are pled herein as if copied in extenso.

**Dated:** December 14, 2020.

                                             Respectfully Submitted.

                                             **KEN PAXTON**
                                             Attorney General of Texas

                                             **BRENT WEBSTER**

>Deputy First Assistant Attorney General
>
>**SHAWN COWLES**
>Deputy Attorney General for Civil Litigation
>
>**SHANNA E. MOLINARE**
>Division Chief
>Law Enforcement Defense Division
>
>*/s/ Courtney Corbello*
>**COURTNEY CORBELLO**
>Assistant Attorney General
>Texas State Bar No. 24097533
>Southern District ID No. 3089117
>courtney.corbello@oag.texas.gov
>**ATTORNEY FOR CMHCC DEFENDANTS**
>
>**OFFICE OF THE ATTORNEY GENERAL**
>Law Enforcement Defense Division
>P.O. Box 12548, Capitol Station
>Austin, Texas 78711
>(512) 463-2080 / (512) 370-9410 (Fax)

### NOTICE OF ELECTRONIC FILING

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Southern District of Texas, on December 14, 2020.

>*/s/ Courtney Corbello*
>**COURTNEY CORBELLO**
>Assistant Attorney General

### CERTIFICATE OF SERVICE

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and forgoing has been served via U.S.P.S., postage prepaid,

certified mail, return receipt requested, on December 14, 2020 addressed to:

    David Alan Haverkamp
    a/k/a Bobbie Lee Haverkamp, #702013
    Stiles Unit
    3060 FM 3514
    Beaumont, Texas 77705

                                    */s/ Courtney Corbello*
                                    **COURTNEY CORBELLO**
                                    Assistant Attorney General