IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **David Haverkamp,** <br> **TDCJ No. 00702013** <br> *Plaintiff*, <br><br> v. <br><br> **Joseph Penn, et al.,** <br> *Defendants*. | **Civil No. 2:17-cv-00018** |

### Defendants' Opposed Joint Motion to Stay; In the Alternative, Motion for Protective Order

Defendants Dr. Lanette Linthicum, Dr. Cynthia Jumper, F. Parker Hudson, Dr. Philip Keiser, Rodney Burrow, Preston Johnson, Jr., John Burruss, Erin Wyrick, Jeffrey Beeson and Dee Budgewater (Defendants) file this Opposed Joint Motion for Stay. In the alternative, Defendants seek an extension of the Protective Order previously granted. In support, Defendants show the following:

### Statement of the Case

Plaintiff David Haverkamp is an inmate currently incarcerated within the Texas Department of Criminal Justice (TDCJ) at the Stiles Unit in Beaumont, TX. Dkt. No. 62. Haverkamp alleges that on February 8, 2013, he[1] was diagnosed with Gender Identity Disorder (GID)[2] and was aware that he wanted gender reassignment surgery. *Id*. Plaintiff claims that the policies created by the

---

[1] Consistent with the Fifth Circuit's practice, Defendants will use male pronouns to refer to biologically male inmates. *United States v. Varner*, 948 F.3d 250, 258 (5th Cir. 2020); *Gibson*, 920 F.3d at 217 n.2.

[2] "Gender dysphoria (formerly Gender Identity Disorder) is defined by strong, persistent feelings of identification with the opposite gender and discomfort with one's own assigned sex that results in significant distress or impairment. People with gender dysphoria desire to live as members of the opposite sex and often dress and use mannerisms associated with the other gender." Gender Dysphoria, Psychology Today, https://www.psychologytoday.com/conditions/gender-dysphoria.

Correctional Managed Health Care (CMHC) committee deny him the right to gender reassignment surgery in violation of his Equal Protection rights. *Id.*

Haverkamp has brought suit against members of the Correctional Managed Health Care Committee ("CMHCC") under 42 U.S.C. § 1983 and the Equal Protection Clause claiming he is entitled to injunctive relief in the form of sexual reassignment surgery. Dkt. No. 62. On June 13, 2019, Defendants Linthicum, Murray,[3] Jumper, Hudson, Penn,[4] Mills[5] and Raimer[6] filed their Motion to Dismiss raising, among other arguments, the defense of sovereign immunity. Dkt. No. 90. This Court denied Defendants' Motion on April 2, 2020. Dkt. No. 123. On May 4, 2020, Defendants Dr. Linthicum, Dr. Jumper, Dr. Hudson and Dr. Keiser filed their notice of appeal on the basis of being denied sovereign immunity. Dkt. No. 144.

Thereafter, CMHCC Defendants Dr. Greenberg, Johnson, Wyrick, Dr. Beeson and Budgewater filed a motion to dismiss on the basis of Article III standing and sovereign immunity. Dkt. No. 158. This Court also denied these defendants' motion to dismiss on the basis of sovereign immunity on September 23, 2020. Dkt. No. 212. The Court ordered all defendants to answer Haverkamp's complaint on October 7, 2020. Dkt. No. 214. However, on October 8, 2020, the only CMHCC Defendants remaining in the district court filed a notice of appeal of their denial of sovereign immunity. Dkt. No. 216.

Although the appeal based on sovereign immunity divested this Court of jurisdiction over suit, the Court ordered Defendants to answer Haverkamp's amended complaint, threatening sanctions for noncompliance. Dkt. No. 224. Defendants subsequently filed answers to

---

[3] Dr. Owen Murray has since been dismissed from this suit. Dkt. No. 128
[4] Dr. Joseph Penn (UTMB) has since been dismissed from this suit. Dkt. No. 154.
[5] Mills has since been replaced in this suit by Jeffrey Beeson. Dkt. No. 128.
[6] Raimer has since been replaced in this suit by Philip Keiser. Dkt. No. 128.

Haverkamp's amended complaint, however, the answers noted that they were "filed with full reservation of rights to seek all necessary relief to prevent CMHCC Defendants from being subject to the burdens of ongoing litigation while their appeal is pending." Dkt. No. 225-227.

Haverkamp has now served discovery on Defendants demonstrating a clear intent to proceed with this litigation despite Defendants' immunity and Article III defense having yet to be resolved. *See* Exhibit A. Although this Court put in place a protective order that was not to be lifted "until Defendants' motion to dismiss (D.E. 158) is resolved," this language, and the recent order to answer, makes unclear whether the Court considers the motions resolved despite the pending appeals. Thus, in order to fully avail themselves of the protections provided by the Eleventh Amendment, Defendants seek a full stay of litigation in this case. In the alternative, Defendants seek an order from this court confirming that a protective order still exists in this case and no further discovery shall be served or responded to until Defendants appeal is fully resolved.

### Defendants' Opposed Joint Motion for Stay

Denials of motions to dismiss on sovereign immunity grounds fall within the collateral order doctrine, and are thus immediately appealable. *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 411–12 (5th Cir.2004) (citing *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-45 (1993)). "Because sovereign immunity protects states from suit, *Puerto Rico Aqueduct*, 506 U.S. at 144–45, orders denying dismissal on the basis of sovereign immunity are immediately appealable regardless of the district court's reasons for its decision." *Tex. v. Caremark, Inc.*, 584 F.3d 655, 658 (5th Cir. 2009).

"The filing of a notice of appeal is an event of *jurisdictional significance*—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects

of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400 (1982) (emphasis added) (citing *United States v. Hitchmon*, 587 F.2d 1357, 1359 (5th Cir. 1979)); *see also Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, Inc.*, 895 F.2d 711, 713 (1990). Indeed, when the notice of appeal is timely filed, the appeal is perfected and deemed pending before the court of appeals. *See* Fed. R. App. P. 3(a)(1) (requiring the filing of a notice of appeal alone for an appeal to be "taken" to the appellate court); *Hitchmon*, 587 F.2d at 1359; *United States v. Clark*, 917 F.2d 177, 179 (5th Cir. 1990). The district court retains only the power, in limited circumstances, to act in aid of the appeal. *See Covered Bridge*, 895 F.2d at 713 (stating that the court may correct clerical errors or aid in the execution of a judgment as a means of acting "in aid of the appeal").

*Tex. v. Caremark, Inc.*, 584 F.3d 655 (5th Cir. 2009) is instructive. There, the Fifth Circuit made clear that it maintains exclusive jurisdiction over a suit where sovereign immunity is at issue. For this Court to simultaneously exercise jurisdiction would be to defy "the very object and purpose of sovereign immunity . . . to protect the state from the 'coercive process of judicial tribunals at the instance of private parties.'" *Id*. at 658. Thus, according to the Fifth Circuit, if this Court were to continue to exercise jurisdiction over suit as appeal was pending, "the value of sovereign immunity [would be] 'for the most part lost as litigation proceeds past motion practice[.]'" *Id*. "[T]he sovereign immunity question **must be decided before further litigation proceeds**; otherwise, the object and purpose of sovereign immunity—to shield the states from the burden of suits to which they have not consented—is violated." *Id*. (citing *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 760 (2002))[7].

---

[7] That rationale is particularly evident here, where Plaintiff's 31-page Amended Complaint asserts 13 different "Legal Claims" against 10 separate Defendants in over 125 unnumbered paragraphs. Dkt. No. 62.

Defendants' appeal presents a critically important question that has not been resolved by the Fifth Circuit: whether, and if so to what extent, *Ex parte Young*'s exception to sovereign immunity permits an Equal Protection Clause lawsuit for the denial of sexual reassignment surgery – already found permissible under the Eighth Amendment - against members of a non-jural entity that participate in the formulation of medical policy. As this Court denied Defendants sovereign immunity on this basis, this Court is divested of jurisdiction over this suit until the appeal is resolved. Requiring Defendants to proceed in the lititgation at the district court while appeal is pending would effectively deprive them of their sovereign immunity defense.

All CMHCC Defendants are on appeal. All CMHCC Defendants have raised a sovereign immunity defense. The case law makes clear that, given the current posture of this case, the Fifth Circuit retains exclusive jurisdiction over all claims and defendants in this suit. *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) ("When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case.' Therefore, district courts lack 'power to 'alter the status of [a] case as it rests before the Court of Appeals.'"); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.").

Finally, the Court has suggested, because a stay was not granted by the Fifth Circuit previously, it is law of the case that a stay cannot ever issue in this suit. *See* Dkt. No. 224 at 3-4. But there is no precedent that suggests the law of the case doctrine applies to a motion to stay. The law of the case doctrine only applies "when a court decides upon a rule of law." *United States v. O'Keefe*, 169 F.3d 281, 283 (5th Cir. 1999). A decision that a motion to stay is not necessary given

the posture of the case at a previous time is not rule of law for the entire case. This is a particulary untenable position to take here, where the circumstances that currently warrant a stay are not the same as when a previous stay was denied. When the previous stay was denied, only three of the nine Defendants were currently on appeal. Moreover, those three Defendants on appeal had not yet filed their Appellant's brief and only briefing as to Haverkamp's Motion to Dismiss the Appeal for Lack of Jurisdiction had been completed.

In contrast, all Defendants are now on appeal. Briefing on the motion to dismiss *and* Defendants' appellant briefing in both cases has been completed.[8] The Fifth Circuit decided it would not rule on the motion to dismiss, but instead, carried it with the case. Thus, Defendants' sovereign immunity defense is fully in front of the Fifth Circuit and there is no current jurisdictional hurdle to receiving an opinion from the Court. The *current* circumstances in this case, therefore, warrant a stay.

### Defendants' Opposed Joint Motion for a Protective Order

In the alternative, Defendants seek an order from this Court extending the protective order until appeal has been resolved. Rule 26(c) of the Federal Rules of Civil Procedure grants the Court the discretion to issue protective orders that limit the extent and manner of discovery, in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expensive." Fed. R. Civ. P. 26(c)(1). A protective order from discovery pending rulings on dispositive motions and appeals will prevent the parties from wasting time and resources litigating over issues that may become irrelevant or moot. This is not a novel ask in a case like this. *See, e.g.*, *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 Fed. Appx. 866, 870 (5th Cir. 2010) (quoting *Corwin*

---

[8] Notably, Haverkamp did not file a motion to dismiss the second group of CMHCC Defendants' appeal for lack of jurisdiction.

*v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1988)) (stating stay of discovery pending a dispositive motion was not abuse of discretion where it would have been "'wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach' a determination on those merits."); *Landry v. Air Line Pilots Ass'n International AFL-CIO*, 901 F.2d 404, 436 (5th Cir.), cert. denied, 111 S.Ct. 244 (1990) (protective order staying discovery may be appropriate where the disposition of a motion to dismiss "might preclude the need for the discovery altogether thus saving time and expense.").

Haverkamp has served the discovery requests contained herein as Exhibit A on Defendants. Defendants are all currently on appeal, which, if successful, will dispose of Haverkamp's suit entirely. Because the pending appeal in this case will dictate whether or how this case will proceed, this Court should extend the prior protective order.

Moreover, a protective order is warranted because the pending appeal is based on a claim of Eleventh Amendment immunity. "The very object and purpose of the 11th Amendment were to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (*quoting In re Ayers*, 123 U.S. 443, 505 (1887)); *see also Carty v. Rodriguez*, 211 Fed. App'x 292, 293 (5th Cir. 2006) (quoting *Williams v. Brooks*, 996 F.2d 728, 730 n. 2 (5th Cir. 1993) ("Immunity, whether qualified or absolute, is an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself."). Thus, when immunities are raised in a motion to dismiss, or on appeal, no discovery is permissible unless and until the court *first* determines discovery is necessary to resolve the motion. *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994–95 (5th Cir. 1995); *see also Patel v. Texas Tech Univ.*, 727 Fed. App'x 94

(5th Cir. 2018) (mem. op.) (vacating and remanding denial of a stay pending an immunity ruling where the district court failed to follow the Fifth Circuit's Rule 7(a) reply procedure).

Haverkamp has, and likely will continue to, served discovery requests on Defendants. Given the current state of this case, a protective order will best ensure that state and judicial resources are not unnecessarily utilized before the pending motion and appeal in this case can be ruled upon.

## Conclusion

This suit against Defendants is currently stayed pending their appeal asserting entitlement to Eleventh Amendment immunity and they respectfully ask for the Court to issue an order acknowledging the stay. In the alternative, Defendants ask this Court to issue a protective order clarifying that no discovery should be served or responded to until Defendants' appeal is resolved.

Respectfully Submitted.

**Ken Paxton**
Attorney General of Texas

**Brent Webster**
First Assistant Attorney General

**Grant Dorfman**
Deputy First Assistant Attorney General

**Shawn Cowles**
Deputy Attorney General for Civil Litigation

**Shanna E. Molinare**
Division Chief
Law Enforcement Defense Division

*/s/ Courtney Corbello*
**Courtney Corbello**
Assistant Attorney General
Texas State Bar No. 24097533

Southern District ID No. 3089117
courtney.corbello@oag.texas.gov
**ATTORNEYS FOR DEFENDANTS JUMPER, BURROW, JOHNSON, BURRUSS, WYRICK, BEESON, BUDGEWATER AND HUDSON**

*/s/ Bruce Garcia*
Bruce Garcia
Assistant Attorney General
Texas State Bar No. 07631060
Southern District ID No. 18934
Bruce.Garcia@oag.texas.gov
**ATTORNEY FOR DR. LINTHICUM**

**OFFICE OF THE ATTORNEY GENERAL**
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9410 (Fax)

*/s/ John Strawn*
John R. Strawn, Jr., #19374100
STRAWN PICKENS L.L.P.
Pennzoil Place, South Tower
711 Louisiana, Suite 1850
Houston, Texas 77002
(713) 659-9600
(713) 659-9601 Fax
jstrawn@strawnpickens.com
**ATTORNEY FOR DR. KEISER**

## NOTICE OF ELECTRONIC FILING

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Southern District of Texas, on February 5, 2021.

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**

Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and forgoing has been served via US Postal Service, postage prepaid, certified mail, return receipt requested, on February 5, 2021, addressed to:

David Alan Haverkamp
a/k/a Bobbie Lee Haverkamp, #702013
Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General