EXHIBIT

Genuine Issue #2

> Violation of 42 USC § 1983 based on Deprivation of Fourteenth Amendment; Right to Equal Protection by refusing Plaintiff access to <u>long hair medical pass and sex stereo typing the Plaintiff as male</u>, that will look male, act male based on Hetrosexual Standards.

Your Honor, evidence has established that inmate Kosilek of the 1st circuit and adopted by the 5th circuit is the <u>benchmark standard</u> by which to measure 'similarly situated' and the non-invasive medical care needed to establish when a individual is similarly situated to comparators.

Using the bench mark (Kosilek) the inquiry is case specific and requires the court to consider the full variety of factors that an objectively reasonable decision maker would find relevant in making the challenged decision.

The bench mark shows the court the entity of what the Plaintiff should recieve as a transgender similarly situated to a cisgender female inmate and what the Defendants posit as adquate medical care for transgenders in the Corpus Christi Division.

An example of the Defendants sex-stereotyping the Plaintiff should recieve a medical pass for the Plaintiff to grow her hair to Standard female offender length.

Local medical providers, when asked for such a pass, respond by claiming "they (TDCJ) would not let us do it.

However, TDCJ grooming standards, AD-03.83, allows for full length (to shoulders) hair due to documented *medical* or religious exceptions.

TDCJ presently allows inmate who are of the 'Seikh' religion to wear long hair.

TDCJ has no policy nor custom that denies long hair, to the medical or religious

Whether it is legal for the 'Seikh' religion to have long hair, but no one who is not 'Seikh' is a whole other ball of wax. It's discrimination on religious grounds, one religion can, but another can not. A Gender Dysporia who converts to 'Seikh' can have long hair, but not a Gender Dysporia who is Catholic? A religious 'Seikh' heterosexual may have long hair but not a religious non-'Seikh' Gender Dysporia? Three Native American offenders have already won a suit for long hair also. There are many Native American religions that state the cutting of their hair depletes their length of their life energy. Here again we have discrimination and sex-stereotyping. Since TDCJ policy does allow for long hair in certain instances and since the Plaintiff does meet those discrimitory instances, but is still denied long hair, we have discrimination and sex-stereotyping

We have just examined TDCJ's policy - Now we move to the Defendants policy.

### CMHC-A-08.8 Policy

" A health care provider may order a medical pass for any offender with medical needs that can not be met without special accomodations. Such passes are to be based strictly on medical needs and should not

alter or interfere with security operations except as absolutely necessary for patient health and safety

The court can plainly see that, although Defendants actions of discrimination and sex-stereotyping, TDCJ does allow for long hair to be and the Defendants own Policy AD-08.8, also allows for such.

Therefore, it is clear that the Defendants if they can not provide the courts with a specific directive from TDCJ or a specific individual who created, or printed a directive that is contrary to codified regulations are

A) Either lying to the court by claiming TDCJ won't let us issue long hair passes

B) They are impinging on the Plaintiff's constitutional rights of their own accord.

C) There is collusion between both parties for joint impinging without due process

There is no significant government issue pretaining to the denial of non-invasive treatment for Gender Dysporia by issueing a long hair pass as other offenders.

> "Your Honor, the Defendants point to TDCJ and TDCJ points to the Defendants, both claim the other one won't let them issue long hair passes.
>
> This is arbitary and irrational. In the end, its the Plaintiff that is denied equal protection for a long hair pass, as 'similar situated' Kosilek has or a cisgender female inmate.

The Plaintiff is sex-stereotyped as a male, forced to wear a males short hair, this is irrational and arbitrary as all get out.

So, lets a jury examine the witness, examine their demeanor, evaluate their reasons of why a long hair medical pass is not issued to a transgender

Going to a jury could go either way, for the Defendants or the Plaintiff.

The Plaintiff encloses letters to the Defendants for the Courts reading, in a effort to bring clarity

This serves no employment Governtal issues that is even related to that intrest.

Discovery Item #30

> Policy G, 51.11 is not mentioned in their violation. This is strictaly a 1st Circuit error that Kosilek was all allowed long hair do to she was living as a woman and is similar situated to a cisgender female inmate, as the Plaintiff.

All conditions precedents were performed or occured