UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of TEXAS
CORPUS CHRISTI DIVISION

United States Courts
Southern District of Texas
FILED

SEP 30 2021

Nathan Ochsner, Clerk of Court

RE: INDIFFERENCE OF DR. MURRAY, A LAYMAN COULD SPOT AND UNDERSTAND

BOBBIE LEE HAVERKAMP
PLAINTIFF

VS.

THE UNIVERSITY DIRECTORS
of MENTAL HEALTH SERVICES
AND UNIVERSITY REGIONAL
OR SENIOR MEDICAL DIRECTORS
DEFENDANTS

CIVIL ACTION 2:17-cv-18

## JURISDICTION of THE COURT

THIS COURT HAS JURISDICTION OVER THE CLAIMS PERSUANT TO 42 USC § 1331(a)(3) VENUE IS APPROPRIATE IN THIS JUDICIAL DISTRICT AND THE CORPUS CHRISTI DIVISION PERSUANT TO 42 USC § 1391(b)(2) AS EVENTS GIVING RISE TO THE CLAIM OCCURRED IN THE CORPUS CHRISTI DIVISION.

## Address to the Court

To the Honorable Judge of said Court,
                    Now comes Ms. Bobbie AKA the Plaintiff and alerts the Court to facts of deliberate indifference of Dr. Murray that is so obvious a layman would be able to grasp the indifference of the defendants.

Your honor, the issue is sex-reassignment surgery. The 5th Circuit in its ruling dated July 30, 2021 pg. 4 top, 1st paragraph made note that counsel for Texas stated that "the appropriate defendants in this case hinged on the type of relief sought... Counsel explained that (1) in the event Plaintiff only seeks gender reassignment surgery, the appropriate defendant would be Dr. Owen Murray from... UTMB.

The Plaintiff explained to the court in the motion on the intent of Policy G-51.11 she had a legal bone against Dr. Murray. The arguement for Dr. Murray's indifference is presented.

## Arguement

The court should understand the Plaintiff is walking on "thin ice" legal wise, she is not raising a 8th Amendment arguement. Error nine in

2.

THE 2ND AMENDED COMPLAINT IS THE DORMANT ERROR THAT ONLY ACTIVATES IF TEXAS ATTORNEY GENERAL CORBELLO RAISES A 8TH AMENDMENT ARGUEMENT AGAINST THE PLAINTIFF TO SUPPORT HER ARGUEMENTS.

IN THE 5TH CIRCUIT JULY 30, 2021 COURT ORDER, PAGE 4, TOP PARAGRAPH, THE COURT ALSO MENTIONS THAT IF PLAINTIFF SEEKS A POLICY CHANGE, THE APPROPRIATE DEFENDANTS WOULD BE THE PRINCIPLE MEMBERS OF THE CMHC ... COMMITTEE.

THE PLAINTIFF HAS ENTERED HER ARGUEMENTS TO THIS COURT THAT THE "COMMITTEE" USING TEX. GOV'T CODE 501 BROUGHT IN DR. MEYER TO ESTABLISH STATEWIDE THE HEALTHCARE PLAN THAT SEX-REASSIGNMENT, AFTER 12 MONTHS ON HORMONES, WOULD BE AVAILABLE.

> THE POINT IS THAT NO ONE HAS TO RAISE A INDIFFERENCE ERROR, DR. MURRAYS ACTION ON HIS OWN RAISES THE ISSUE OF INDIFFERENCE.

YOUR HONOR, WHEN THE DEFENDANTS[1] (9 DEFENDANTS) BRING IN A SPECIALTY DOCTOR FOR THE TREATMENT FOR GENDER DYSPORIA THEIR AUTHORITY DERIVES FROM GOV'T CODE 501 ___ WHETHER THE AUTHORITY IS FORMAL OR INFORMAL IS IMMATERIAL DUE TO REPRESENTATIVES OF THE 9 DEFENDANTS ARE ON HAND TO VERIFY THAT DR. MEYER IS A PHYSICAL MATERIAL FACT THAT SET THE STANDARD OF CARE STATEWIDE FOR TRANSGENDERS HEALTH WITH GENDER DYSPORIA (2014)

[1] Defendants Year 2014 / Civil Action Filed 2017 against them.

THAT AFTER 12 MONTHS ON HORMONES, SRS WAS AVAILABLE.

DR. OWEN MURRAY VIOLATED JONES-V-SMIEK, 193 F3 485, 492 (7TH CIR.) THAT WHEN HE REFUSED TO FOLLOW SPECIALISTS RECOMMENDATIONS IT SUPPORTS CLAIM OF INDIFFERENCE.

WHEN WE MIX POLICY, DR. OWEN MURRAYS INDIFFERENCE EXPOSES THAT HE FAILED TO HAVE POLICIES IN PLACE TO ALLOW TREATMENT FOR GENDER DYSPORIA THAT ALLIEVIATED THE PAIN AND SUFFERING OF THOSE THAT NEEDED MENTAL HEALTH. LAWSON-V-DALLAS COUNTY 286 F3d 257 (5TH CIR. 2002).

YOUR HONOR, AS THE COURT ANALYZES THAT RECENT DEVELOPMENTS PROVIDE THAT THE 9 COMMITTEE MEMBERS FURNISH THE GID DOCTOR FOR THE TREATMENT OF GENDER DYSPORIA.

WHEN WE NAMED THE 9 DEFENDANTS, DR. LINITHICUM IS IN THE NINE MIX, AND SETTLED THE DISPUTE WITH DR. OWEN MURRAY, UTMB MEDICAL CORRECTIONAL HEALTH CARE, AND DR. MURRAY HAD TO FOLLOW POLICY G-51.11 W/ATTACHMENTS DATED 5/16/2021 TO TREAT GENDER DYSPORIA AND THE TREATMENT INCLUDED SRS; [AS FAR BACK AS 2014 WHEN DR. MEYER SHOWED UP TO TREAT THE PLAINTIFF.]

YOUR HONOR, THE ARGUEMENT FOR THE YEAR 2014 CAN BE MADE, THE GOV'T CODE 501 JUST SURFACED MONTHS AGO, YET DR. OWENS HID THIS FACT WITH CORBELLOS APPROVAL

4.

AND KNOWLEDGE. WE HAVE NEVER HAD DISCOVERY, AND ITS THE 5TH CIRCUIT THAT REVEALED THIS TO THE DISTRICT COURT. THE COURT MAY ASK WHY ITS JUST COMING TO LIGHT NOW. THE COURT IS ASKED TO REMEMBER, ALL THE COMMITTEE MEMBERS OF 2014 WERE IN PLACE WHEN THE SUIT WAS FILED, YET THEY ALL JUMP SHIP, EVEN DR. OWENS. AND NEW PEOPLE CAME ABOARD THAT KNEW NOTHING ABOUT HOW GOV'T CODE 501 OPERATED. WE ALL GOT TO ADMIT, KEEPING A SECRET IS EASY WHEN THE OLD COMMITTEE IS GONE AND A NEW COMMITTEE TAKES OVER. THE OLD ADAGE "THE NEW BROOM SWEEPS CLEAN" APPLIES HERE. THE COMMITTEE PLAYED IT COOL, NO ONE FLINCHED, KEEP THE COURT ON THE IMMUNITY ISSUE, MAKE THE ARGUEMENT WHERE THEY GOT TO ANSWER AND THE DEFENDANTS WILL TAKE THE 2ND AMENDMENT COMPLAINT BACK TO THE 5TH CIRCUIT AND START THE PROCESS ALL OVER WITH A DISMISSAL, [WE CAN GET 5 YEARS MORE.]

YOUR HONOR, THE ABOVE SCENARIO ISN'T FAR-FETCHED, AND IT FITS CORBELLO'S THINKING. THERE WAS ONE PROBLEM, THE 5TH REALLY DIDN'T WANT TO HEAR THAT IMMUNITY ISSUE AND EXPOSED A LOT OF DETAIL EVIDENCE ON THE COMMITTEE'S CONDUCT AND WORKINGS.

YOUR HONOR, LETS REMEMBER, IF THE PLAINTIFF DOESN'T RAISE THE POINT, THE PLAINTIFF WAIVES THE ARGUEMENT AND ERROR.

NOW, LETS NOT GET WHINNING, ITS A TOUGH WORLD AND CORBELLO DOEST OWE TEXAS TRANSGENDERS A

5.

THING, NOR DOES CORPORATE MEDICAL CEO DR. MURRAY.

THE DAYS OF DR. MURRAYS CAT AND MOUSE GAMES ARE OVER WITH. DR. MURRAYS PROGRAM OF THE GENDER CLINIC, ONLY USING HORMONES AND BRAS CREATED AN ENVIRONMENT IN WHICH NEGLIGENCE IS UNACCEPTABLE, LIKELY ①.

THE PLAINTIFF BROUGHT THIS UP IN THE 2ND AMENDED COMPLAINT, ERROR 6, pgs 6-10, "ANY TREATMENT FURTHER THAN A BRA/HORMONES, THE PATIENT FINDS HERSELF GOING THRU A FALSE FRONT, AND MEDICAL CARE IS LIMITED TO ONLY TWO ITEMS, HORMONES AND BRA. IT TAKES A COUPLE OF YEARS TO UNDERSTAND THIS FACT."

WHEN WE GO BACK TO 2013 IT WAS DR. FARLEY OF THE JESTER 4 PSYCH. HOSPITAL THAT DIAGNOSED THE PLAINTIFF FOR GENDER DYSPORIA. THE PLAINTIFF WAS IN GENDER DYSPORIA COUNSELING FOR 17 MONTHS BEFORE SEEING DR. WALTER MEYER, GENDER SPECIALIST, FOR FURTHER TREATMENT OF GENDER DYSPORIA.

IT WAS THE ORIGINAL 9 DEFENDANTS THAT USED THEIR AUTHORITY UNDER GOV'T CODE 501 THAT BROUGHT IN EXPERT MEDICAL DOCTORS FOR GENDER DYSPORIA AND USE THEIR AUTHORITY UNDER GOV'T CODE 501 (2014) THAT SET THE STANDARDS THAT TRANSGENDERS IN TEXAS WOULD BE ON HORMONES 12 MONTHS, THEN SRS WAS AVAILABLE IN THE TREATMENT OF GENDER DYSPORIA.

① Robert E. v. LANE 530 FSupp 930/940 (1981)

6.

THE COURTS HAVE DR. JOSEPH PENN, FORMER DEFENDANT, THAT IT IS WELL KNOWN HE IS THE DIRECTOR FOR MENTAL HEALTH FOR TDCJ. DR. PENN IS OVER VERY IMPORTANT PSYCH. HOSPITALS THAT ADMINISTER MENTAL HEALTH CARE TO SOME VERY LOOSE CANNONS IN THE INMATE POPULATION. WE CAN SAFELY CONCLUDE DR. PENN IS NO NOVICE.

DR. PENN IS OVER THE "TRANSGENDER CLINIC" IN GALVESTON, WHERE THEY ONLY ISSUE BRAS AND HORMONES.

DR. PENN'S HANDS ARE TIED, HE IS NOT ALLOWED TO GO NO FURTHER THAN BRA/HORMONES. DR. PENN IS NOT ALLOWED TO DISCUSS MENTAL HEALTH ISSUES OF TRANSGENDERS. THERE'S A REASON, IF HE DISCUSSES MENTAL HEALTH PROBLEMS HE IS OBLIGATED TO TREAT, THEN WE GET INTO HE HAS TO PRESCRIBE LONG HAIR PASSES, COSMETICS, CLOTHING FOR THE TREATMENT OF GENDER DYSPORIA.

DR. OWEN MURRAY IS OVER DR. PENN, AND DR. MURRAY TAKES FULL RESPONSIBILITY AWAY FROM ① DR. PHILLIP FARLEY, ② DR. WALTER MEYER, ③ DR. PENN, AND ALLOWS NO MENTAL HEALTH FOR THE TREATMENT OF GENDER DYSPORIA. THIS EFFECTIVELY BLOCKS ANY TRANSITION TO LIVE LARGELY AS A WOMAN AS KOSILEK supra WAS LIVING.

WHEN WE EXAMINE DR. MEYER'S STATEMENT "THEY WON'T DO THE SURGERY BECAUSE ITS TOO EXPENSIVE", IT WAS THE 5TH CIRCUIT THAT MADE A ISSUE OF THE "STATEMENT". THE "STATEMENT" WAS MADE (5) FIVE YEARS AGO, THE PLAINTIFF REPORTED IT AND THE EVENTS OF LEGAL PROCEDURES SWEPT THE

7.

STATEMENT AWAY, YET ITS NOW AT THE HEAD OF ISSUES FOR THE DISTRICT COURT.

THE PLAINTIFF HAS A DOCTORS DEGREE IN THEOLOGY/DIVINITY AND WALKS A FINE LINE IN JUDICIAL COURTS, YET WHEN THE PLAINTIFF SEES AND EXPERIENCES THE PAIN AND SUFFERING THAT INCARCERATED TEXAS TRANSGENDERS ARE EXPERIENCING, MORAL AND ETHICAL VALUES CRY OUT FOR JUSTICE.

YOUR HONOR, IN THE 1930s, PEOPLE OF THE STATE OF LOUISIANA WERE COMMITTED BY THE STATE AS NOT BEING FIT FOR SOCIETY. ONCE COMMITTED, THEY WERE STERALIZED SO THEY COULD NEVER REPRODUCE.

WHEN THE 5TH CIRCUIT BROUGHT THE "STATEMENT" UP IN A "IMMUNITY ACTION" IT BROUGHT UP TO THE DISTRICT COURT THAT DENYING MEDICAL CARE BECAUSE OF EXPENSE IS A "NO-NO" AND DR. MURRAY DOES NOT HAVE THE POWER TO DECIDE WHO HAS THE RIGHT TO LIFE, LIBERTY, AND THE PERSUIT OF HAPPINESS.

THE FACT THAT THE CIVIL ACTION HAS NOT HAD DISCOVERY TO EXAMINE THE "STATEMENT" IS IMMATERIAL, THE POINT THE 5TH IS MAKING, SOMEONE MADE THE STATEMENT THAT SRS WAS TOO EXPENSIVE — RED FLAGS FLEW EVERY-WHERE.

WE HAVE TWO STANDARDS OF INDIFFERENCE, TEXTBOOK STANDARD THAT THE 2ND AMENDED COMPLAINT ERROR #9 OUR DORMANT ERROR USES AND IN THIS THESIS OUR "LAYMANS ERROR ON INDIFFERENCE"

8.

YET THE KONITZER STANDARD[①] DEMANDS THAT TREATMENT FOR GENDER DYSPORIA RELIEVE THE PAIN AND INJURY OF TEXAS TRANSGENDERS.

DR. MURRAY IGNORES ALL OF THIS, THE ISSUE ISN'T MORAL, ETHICAL, RELIGIOUS, IT'S MONEY. DR. MURRAY HAS NO OBJECTIONS TO TEXAS TRANSGENDERS RECEIVING SRS OR SIGNIFICANT RELIEF — THE ISSUE IS MONEY, HE DOESN'T WANT TO PAY FOR SURGERY. IT EFFECTS HIS BOTTOM LINE.

YOUR HONOR, THE PLAINTIFF IS PRO-SE, SHE ASKS FOR A LIBERAL READING. IT'S A ROUGH PLACE TO LIVE UNDER DR. MURRAY, HIS CARE IS DECIDED BY MONEY. THE COURT CAN EXPECT THEIR COURTS SELENE AND SKY BLUE TO RECEIVE NO HELP FROM DR. MURRAY UNLESS HE'S FORCED.

DUE TO THE FACT IT'S A ROUGH WORLD UNDER DR. MURRAY, THE PLAINTIFF BRINGS FORTH HER "LAYMAN INDIFFERENCE" TO THE COURT SO THEY WILL BE AWARE OF IT AND PRESENT IT TO THE APPOINTED ATTORNEY FOR THE PRESENT CIVIL ACTION.

SO PRAYS THE PLAINTIFF
Ms Bobbae
9-25-2021

① 711 Fsupp 2d @ 908-12

9.