IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **DAVID HAVERKAMP** <br> **TDCJ NO. 00702013** <br> **Plaintiff,** <br> <br> v. <br> <br> **DR. ROBERT GREENBERG, *et al.*,** <br> **Defendant,** | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br> <br> <br> **Civil No. 2:17-CV-00018** <br> <br> **Jury Demand** |

### DEFENDANT LANETTE LINTHICUM'S ORIGINAL ANSWER

Defendant Dr. Lanette Linthicum, Director of the Texas Department of Criminal Justice Health Services Division, in her official capacities as a member of the Correctional Managed Health Care Committee ("CMHCC") and files her Original Answer to Plaintiff Haverkamp's Second Amended Complaint (ECF No. 294).

### I.    ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each and every allegation contained in Plaintiff's Amended Complaint except those expressly admitted herein.

1. Defendant admits Bobbie Lee Haverkamp is incarcerated by the Texas Department of Criminal Justice.

2. Defendant denies that Haverkamp's constitutional rights have been violated by any action or omission of Defendant. Defendant denies that Haverkamp has stated a violation of her rights to equal protection under the Fourteenth Amendment to the United States.

3. Defendant understands that Haverkamp brings this civil rights suit pursuant to 42 U.S.C. §1983. Defendant denies that Haverkamp is entitled to the relief requested in the Second Amended Complaint (ECF No. 294). Defendant denies that she violated Haverkamp's rights to Equal Protection under the Fourteenth Amendment to the United States Constitution and

1

denies that she is similarly situated to cisgendered females.

4. Defendant admits that this action arises under the laws and Constitution of the United States. Defendant denies this Court has jurisdiction over this suit because *Ex Parte Young* is inapplicable. Defendant is entitled to sovereign immunity and Haverkamp lacks Article III standing to sue her in this capacity.

5. Defendant admits venue is proper. Defendant denies this Court has jurisdiction over this suit because *Ex Parte Young* is inapplicable. Defendant is entitled to sovereign immunity and Haverkamp lacks Article III standing to sue her in this capacity.

6. Defendant admits.

7. Defendant admits.

8. Defendant denies that Erin Wyrick and Joe Perez are members of the Correctional Managed Health Care Committee.

9. Defendant admits that Lannette Linthicum is a member of the Texas Correctional Managed Health Care Committee. Defendant denies the remainder of the paragraph.

10. Defendant admits that Dr. Murray is responsible, along with his colleagues, for program development, quality assurance, outcomes management, formulary and disease management guideline development, utilization review, risk management, offender correspondence, peer review, CME and staff development, litigation co-ordination, facility financial management, and business development. Defendant denies the remaining allegations in paragraph 10.

11. Defendant denies that she is a "person" under 42 U.S.C. § 1983 when acting in her official capacity. Defendant denies that Haverkamp was deprived of her federal rights and denies she was denied any necessary medical treatment. Defendant further denies that she has provided the requested medical treatment to anyone similarly situated to Plaintiff.

12. This paragraph sets forth legal and factual conclusion to which no response is required.

13. Defendant repeats and reallege their previous responses to the allegations contained in the preceding paragraphs as if set forth and fully stated herein.

14. Defendant admits.

15. Defendant admits.

16. Defendant admits.

17. Defendant admits.

18. Defendant denies that Haverkamp has been denied any necessary medical treatment. Defendant admits the remainder of the paragraph.

19. Defendant admits.

20. Defendant admits the quoted language contained in Paragraph 20 appears on the website referenced in the footnote. Footnote 2 attached to the end of Paragraph 20 contains a reference to a website that contains a voluminous number of statements, is subject to change, and does not constitute a specific allegation that can be admitted or denied; as such Defendant lacks sufficient information to either admit or deny this footnote. Defendant denies that the CMHCC makes decisions on individual healthcare matters and denies that they can make decisions that are binding on UTMB.

21. Defendant admits that UTMB provides medical care to inmates at the Stiles Unit. Defendant admits the quoted language contained in Paragraph 21 appears on the website reference in the footnote. Footnote 3 attached to the end of Paragraph 21 contains a reference to a website that contains a voluminous number of statements, is subject to change, and does not constitute a specific allegation that can be admitted or denied; as such Defendant lacks sufficient information to either admit or deny this footnote, and therefore they are denied.

22. Defendant admits that a diagnosis for gender dysphoria is included in the Diagnostic and Statistical Manual of Mental Disorders (DSM-5) published by American Psychiatric

Association. The DSM-5 refers to it as the distress that may accompany the incongruence between one's experienced or expressed gender and one's assigned gender. Defendant maintain that this publication speaks for itself, and Defendant denies any remaining allegations set forth in Paragraph 22.

23. Defendant admits that The World Professional Association for Transgender Health ("WPATH") exists and that it publishes recommendations for the treatment of individuals experiencing gender dysphoria, but denies all remaining allegations contained in Paragraph 23. Defendant further denies the footnote attached to Paragraph 23, including any allegations suggesting that there is any recognized consensus concerning the treatment of gender dysphoria. To the extent footnote 4 contains legal citations, these citations do not constitute specific factual allegations that can be admitted or denied, and Defendant, lacks sufficient information to form a belief as to the accuracy of these citations. The footnote also omits the 5th Circuit's controlling decision in *Gibson v. Collier*, 920 F.3d 212, 217 (5th Cir. 2019), which held there was no consensus on the treatment of gender dysphoria.

24. Defendant admits that WPATH purports to publish standards of care and maintain that this publication speaks for itself. Defendant denies that there is any recognized consensus concerning the treatment of gender dysphoria as alleged in Paragraph 24.

25. Defendant admits that WPATH purports to publish standards of care and maintain that this publication speaks for itself. Defendant denies that there is any recognized consensus concerning the treatment of gender dysphoria as alleged in Paragraph 25.

26. Defendant admits that WPATH purports to publish standards of care and maintains that this publication speaks for itself. Defendant denies that there is any recognized consensus concerning the treatment of gender dysphoria as alleged in Paragraph 26. Defendant denies the remaining allegations in paragraph 26.

27. Defendant admits that WPATH purports to publish standards of care and maintains that this publication speaks for itself. Defendant denies that there is any recognized consensus concerning the treatment of gender dysphoria as alleged in Paragraph 27.

28. Defendant admits that inmates are provided with medically necessary medical procedures. Defendant denies the remainder of the paragraph.

29. Defendant admits.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and therefore they are denied. Defendants admit that the statements contained in Footnote 5 attached to the end of Paragraph 30 accurately reflect the 2021 revision to Policy G51.11 and the definition of "Gender Dysphoria" contained in the 2013 edition of the AM. PSYCHIATRIC ASS'N, DIAGNOSTIC AND STATISTIC MANUAL OF MENTAL DISORDERS.

31. Defendant cannot admit or deny what Dr. Meyer stated to Haverkamp.

32. Defendant denies that gender-reassignment surgery was offered to Haverkamp.

33. Defendant cannot admit or deny what Dr. Meyer stated to Haverkamp.

34. Defendant cannot admit or deny what Dr. Meyer stated to Haverkamp.

35. Defendant cannot admit or deny what TDCJ stated in a grievance response, so Defendant denies.

36. Defendant cannot admit or denies what TDCJ stated in a grievance response, so Defendant denies.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and therefore they are denied.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, and therefore they are denied.

39. "UTMB" is not a person and, therefore, cannot communicate with Haverkamp, so Defendant denies. Defendant denies all allegations that suggest she denied, failed to prescribe or withheld any treatment from Haverkamp for gender dysphoria.

40. Defendant admits that she has not provided Haverkamp with a long-hair pass, panties, and cosmetics. Defendant has never treated or interacted in any way with Haverkamp and denies all allegations that suggest she has denied, failed to prescribe or withheld any treatment from Haverkamp for gender dysphoria.

41. Defendant repeats and realleges her previous responses to the allegations contained in the preceding paragraphs as if set forth and fully stated herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Defendant denies that Haverkamp has been denied any medically necessary treatment.

47. Denied.

48. Denied.

49. Defendant repeats and reallege her previous responses to the allegations contained in the preceding paragraphs as if set forth and fully stated herein.

50. Defendant denies that Haverkamp is entitled to injunctive relief.

51. Defendant denies that the CMHCC implements policy. Defendant admits that individuals incarcerated in TDCJ are evaluated by appropriate medical and mental health professionals and treatment is determined on a case-by-case basis as clinically indicated. Defendant denies that gender reassignment surgery has been provided to cisgendered female inmates.

52. The Committee Defendant denies that she is directly involved in responding to TDCJ

offender grievance forms, so she lacks sufficient knowledge to admit or denies what was contained in a response to a grievance. Defendant denies that Haverkamp's rights under the Equal Protection Clause were violated.

53. Defendant denies that Haverkamp is entitled to any injunctive relief.

54. Defendant incorporates the answers above.

55. Defendant denies that she has denied Haverkamp any necessities or commissary items. Defendant is not responsible for the TDCJ commissary. Defendant denies the remainder of the paragraph.

56. Defendant denies that gender reassignment surgery is medically necessary. Defendant denies that this Court has jurisdiction to determine the standard of care for gender dysphoria as any decision on this issue is foreclosed by *Gibson v. Collier*, 920 F.3d 212 (5th Cir. 2019), cert. denied, 140 S. Ct. 653, 205 L. Ed. 2d 384 (2019).

57. Defendant denies that Haverkamp is entitled to any injunctive relief. Defendant denies that this Court has jurisdiction to determine the standard of care for gender dysphoria as any decision on this issue is foreclosed by *Gibson v. Collier*, 920 F.3d 212 (5th Cir. 2019), cert. denied, 140 S. Ct. 653, 205 L. Ed. 2d 384 (2019).

58. Defendant denies that Haverkamp is entitled to any injunctive relief.

59. Defendant denies that Haverkamp is entitled to any injunctive relief.

## II.     AFFIRMATIVE AND GENERAL DEFENSES

60. Defendant asserts Haverkamp has failed to state a claim under 42 U.S.C. § 1983.

61. Defendant, in her official capacities as a member of the CMHCC, denies she is a jural entity capable of suing or being sued.

62. Defendant denies Haverkamp was deprived of any right, privilege, or immunity granted or

secured by the Constitution and laws of the United States.

63. Defendant asserts that any claim premised upon a disagreement with medical treatment will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

64. Plaintiff lacks Article III standing to bring suit for the relief requested.

65. Defendant asserts that Haverkamp has failed to state a claim that amounts to a violation of her Fourteenth Amendment rights.

66. Defendant denies that any actions attributable to her in their official capacities were motivated by any discriminatory intent of any kind.

67. Defendant asserts that the Eighth Amendment is the exclusive constitutional claim for suits brought by inmates claiming that they are not receiving required medical treatment and, because this claim has already been adjudicated, this suit is barred by *Gibson v. Collier*, 920 F.3d 212 (5th Cir. 2019), cert. denied, 140 S. Ct. 653 (2019).

68. Defendant asserts that any actions attributable to them in their official capacities were taken for valid and legitimate, non-discriminatory reasons in the context of medical standards of care.

69. Defendant asserts Haverkamp has failed to mitigate her damages.

70. Defendant asserts that the Eleventh Amendment to the United States Constitution bars relief under Haverkamp's selected statutes because the *Ex Parte Young* exception is inapplicable to the claims raised in this case, and she has failed to point to any other valid theory excusing the jurisdictional bar created by the Eleventh Amendment.

71. Defendant invokes all limitations, defenses, and exclusions set forth in the Prison Litigation Reform Act and any other applicable statutes.

72. Defendant asserts the defenses of res judicata, statute of limitations, laches, estoppel, waiver, and lack of jurisdiction to Haverkamp's claims in this lawsuit

73. Defendant asserts her right to raise additional defenses that become apparent throughout the factual development of the case.

74. Defendant denies Haverkamp is entitled to injunctive, declaratory, or any other relief demanded in the Second Amended Complaint and further denies that she is entitled to attorneys' fees or costs in any amount whatsoever.

75. Defendant asserts Haverkamp has failed to exhaust his administrative remedies as required pursuant to 42 U.S.C. § 1997e(a).

    Respectfully Submitted,

    **KEN PAXTON**
    Attorney General of Texas

    **BRENT WEBSTER**
    Deputy First Assistant Attorney General

    GRANT DORFMAN
    Deputy First Assistant Attorney General

    **SHAWN COWLES**
    Deputy Attorney General for Civil Litigation

    **SHANNA E. MOLINARE**
    Division Chief
    Law Enforcement Defense Division

    */s/ Bruce R. Garcia*
    **BRUCE R. GARCIA**
    Assistant Attorney General
    Texas State Bar No. 07631060
    Southern District ID No. 18934
    bruce.garcia@oag.texas.gov

    **ATTORNEY FOR LANETTE LINTHICUM DEFENDANT**

    Law Enforcement Defense Division
    P.O. Box 12548, Capitol Station
    Austin, Texas 78711
    (512) 463-2080 / (512) 370-9410 (Fax)

## NOTICE OF ELECTRONIC FILING

I, **BRUCE GARCIA**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Southern District of Texas, on July 11, 2022.

*/s/ Bruce Garcia*
**BRUCE GARCIA**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **BRUCE GARCIA**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and forgoing has been served on all counsel of record.

*/s/ Bruce Garcia*
**BRUCE GARCIA**
Assistant Attorney General