IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID HAVERKAMP, <br> TDCJ NO. 00702013 <br> *Plaintiff,* <br><br> v. <br><br> JOSEPH PENN, *et al.,* <br> *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 2:17-CV-00018 |

**DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS PENDING RESOLUTION OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS ASSERTING SOVEREIGN IMMUNITY AND MOTION FOR SUMMARY JUDGMENT**

Defendants Lannette Linthicum ("Dr. Linthicum"), Owen Murray ("Dr. Murray"), and the current members of the Correctional Managed Health Care Committee (the "Committee")—Dr. Linthicum, Cynthia Jumper, Brian Edwards, Julia Hilner, Kris Coons, John Burruss, Michelle Erwin, and Philip Keiser, (collectively, the "Committee Members"), through the Office of the Attorney General of Texas, file this motion to stay all proceedings—including the Docket Call set for November 14, 2023—pending a ruling on their pending motion for judgment on the pleadings asserting their entitlement to sovereign immunity (D.E. 329) and motion for summary judgment (D.E. 330). In support, Defendants offer the following:

**I.      STATEMENT OF THE CASE**

Plaintiff David Allen Haverkamp ("Haverkamp") is a 76-year-old biological male prisoner confined to the custody of the Texas Department of Criminal Justice ("TDCJ") who identifies as transgender. In 2017, Haverkamp filed this lawsuit under 42 U.S.C. § 1983 alleging that his denial of sex reassignment surgery, long hair, makeup, and female underwear violated his constitutional rights. D.E. 1-2. After an amended complaint and lengthy stay pending a decision in the analogous *Gibson*

case (D.E. 60, 62), the Committee Members filed motions to dismiss on sovereign immunity grounds and, when those motions were denied, appealed those denials. D.E. 90, 99, 123, 158, 201, 212, 144, 216. The Fifth Circuit reversed and remanded, holding that the *Ex parte Young* exception to sovereign immunity did not apply because Haverkamp failed to allege the requisite connection between the Committee Members—including Dr. Linthicum in her capacity as TDCJ's Director of Health Services—and enforcement of the decisions Haverkamp challenged as unconstitutional. D.E. 261.

On remand, Haverkamp filed an amended complaint largely resembling his prior *pro se* pleadings. D.E. 294. The parties then engaged in extensive discovery, including the exchange of thousands of documents, multiple depositions, and expert submissions. At the conclusion of discovery, Defendants filed two dispositive motions relying on the evidence. First, a motion for judgment on the pleadings asserting their entitlement to Eleventh Amendment sovereign immunity and thereby challenging the Court's subject matter jurisdiction. D.E. 329. Second, a motion for summary judgment attacking the merits of Haverkamp's claims. D.E. 330. Defendants now seek a stay of all proceedings in this case—including the Docket Call set for November 14, 2023—pending resolution of those dispositive motions.

**II.   ARGUMENT**

"[S]overeign immunity is an immunity from suit." *Russell v. Jones*, 49 F.4th 507, 512 (5th Cir. 2022). One of the primary purposes of sovereign immunity is to shield the state, its agencies, and its employees from the burdens of litigation. *See Weingarten Realty Investors v. Miller*, 661 F.3d 904, 911 (5th Cir. 2011) ("[The] Constitution entitles a party to be free from the burden of litigation when protected by . . . sovereign immunity."); *Preble-Rish Haiti, S.A. v. BB Energy USA, LLC*, No. 21-20534, 2021 WL 5143757 at *2 (5th Cir. 2021) ("[P]art of the purpose of [sovereign immunity] is to protect the defendant from the burdens of litigation itself."); *see also Ex parte Eyers*, 123 U.S. 443, 404 (1887) ("The

2

very object and purpose of the eleventh amendment were to prevent the indignity of subjecting a state to the coercive process of judicial tribunals at the instance of private parties.").

As such, the Fifth Circuit has held that entitlement to sovereign immunity, like entitlement to qualified immunity, "should be determined at the earliest possible stage of the litigation.'" *See In re Paxton*, 60 F.4th 252, 257 & n. 2 (5th Cir. 2023) (quoting *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022)). The Court's duty to ascertain the applicability of sovereign immunity before subjecting state actors to the burdens of litigation is "**non-discretionary**." *Id.* at 258-59 (emphasis added); *see also Tex. v. Caremark, Inc.*, 584 F.3d 655, 658 (5th Cir. 2009) ("[T]he sovereign immunity question **must** be decided before further litigation proceeds; otherwise, the object and purpose of sovereign immunity—to shield the states from the burden of suits to which they have not consented—is violated.") (emphasis added); *Hunter v. Bryant*, 502 U.S. 224, 228 (1991) ("Immunity ordinarily should be decided by the court long before trial.").

In this case, the Fifth Circuit has already ruled that Haverkamp's prior pleading failed to overcome the Committee Members and Dr. Linthicum's entitlement to sovereign immunity. D.E. 261. After the Fifth Circuit remanded, Haverkamp filed an amended complaint largely resembling his prior pleadings. D.E. 294. Defendants considered immediately filing a renewed motion to dismiss on sovereign immunity grounds, but ultimately decided to preserve that defense in their answer (*see* D.E. 302 at 11, 304 at 8) and permit discovery.[1] Relying on evidence amounted during discovery, Defendants have now reasserted their entitlement to sovereign immunity in a motion for judgment

---

[1] There can be no argument that Defendants waived sovereign immunity by participating in discovery. *See TexasLDPC*, No. 4:22-cv-1781, 2023 WL 3293291, at *2 (S.D. Tex. May 5, 2023) ("Participating in discovery does not provide the clear, unambiguous consent to suit that is required to waive sovereign immunity.*"); Yul Chu v. Mississippi State Univ.*, 901 F. Supp. 2d 761, 774 (N.D. Miss. 2012) (no waiver despite state entity "engaging in extensive discovery"); *Adams v. Texas Comm'n on Env't Quality*, No. A-06-CA-281-SS, 2007 WL 9701381, at *1 (W.D. Tex. May 29, 2007) (no waiver despite a state entity "participating in discovery, depositions, and other pretrial matters"); *Lazarou v. Miss. State Univ.*, No. 1:07-CV-00060, 2012 WL 1352890, at *5 (N.D. Miss. Apr. 17, 2012) (no waiver despite a state entity "engaging in extensive discovery, agreeing to numerous trial settings, and otherwise participating in the case").

on the pleadings. D.E. 329. Defendants are confident that this Court—or the Fifth Circuit, on interlocutory appeal under the collateral order doctrine—will find that Defendants are immune from suit and dismiss the case for want of subject matter jurisdiction. Until that issue is resolved, Defendants should not be subjected to *any* further burdens of litigation, including preparing for and attending the Docket Call set for November 14, 2023.

Per Judge Tipton's Court Procedure 17, Docket Calls "may serve as the final pretrial conference" and parties must come "[p]repare[d] to address all objections to pretrial filings." The referenced "pretrial filings," which presumably must be filed before the Docket Call, include exhibit lists, witness lists, deposition designations, motions *in limine*, proposed *voir dire* questions, and proposed jury charges. *See* Judge Tipton's Court Procedure 19. By any definition, the duty to draft their own pretrial filings and object to Haverkamp's pretrial findings is a "burden of litigation" to which the Court cannot subject Defendants until their entitlement to sovereign immunity has been resolved. *See Paxton*, 60 F.4th 252, 257-59 & n. 2; *Caremark, Inc.*, 584 F.3d at 658.

Granting Defendants' requested stay would also serve another purpose; namely, allowing time for the Court to establish the remaining claims and parties, if any, should the Defendants' motions for judgment on the pleadings and summary judgment be granted fully or in part, prior to considering pretrial issues. The pretrial Docket Call is set only 17 days after all remaining briefing on Defendants' dispositive motions is due. Even if the Magistrate Judge makes a ruling in that short timeframe, the District Judge will not have made a ruling on the Court's Report and Recommendation, which will ultimately affirm the status of the parties as defendants, for purposes of trial. This carries with it the potential of diminishing the efficacy of the pretrial conference and causing the parties to incur additional expenses without the confirmation of the parties proceeding to trial.

## VI. CONCLUSION

Defendants respectfully request that the Court stay of all proceedings in this case—including the Docket Call set for November 14, 2023—pending a ruling on their motion for judgment on the pleadings and motion for summary judgment.  The proposed stay is not sought in bad faith to delay the proceedings, but to preserve the Court's resources and ensure that Defendants are not subjected to burdens of litigation before the Court has ruled on their entitlement to sovereign immunity.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Michael J. Calb*
**MICHAEL J. CALB**
Assistant Attorney General
Texas State Bar No. 24126986
Michael.Calb@oag.texas.gov

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9814

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I, **MICHAEL J. CALB**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served to all attorneys of record by the Electronic Case Filing System of the Southern District of Texas on October 25, 2023.

*/s/ Michael J. Calb*
**MICHAEL J. CALB**
Assistant Attorney General

## CERTIFICATE OF CONFERENCE

I, **MICHAEL J. CALB**, Assistant Attorney General of Texas, do hereby certify that on October 24, 2023, I conferred with Plaintiffs' counsel concerning this motion and was informed that Plaintiff is opposed to the relief sought herein.

*/s/ Michael J. Calb*
**MICHAEL J. CALB**
Assistant Attorney General

## CERTIFICATE OF WORD COUNT

I, Michael J. Calb, Assistant Attorney General of Texas, certify that this motion contains **1,181** words, which is under the word limit set forth in the individual rules of practice of Magistrate Judge Julie K. Hampton and District Judge Drew B. Tipton.

*/s/ Michael Calb*
**MICHAEL J. CALB**
Assistant Attorney General